UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ROBERT B. LOVE, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | FILED UNDER RESTRICTION |
| ) | |
| MEDICAL COLLEGE OF WISCONSIN, INC., ) | Case No. 2:15-cv-00650-WED |
| FROEDTERT MEMORIAL LUTHERAN ) | |
| HOSPITAL, INC., ) | |
| ALFRED C. NICOLOSI, M.D., ) | |
| JOSEPH E. KERSCHNER, M.D., ) | |
| MARY A. PAPP, D.O., ) | |
| DAVID C. WARLTIER, M.D., and ) | |
| LARRY LINDENBAUM, M.D., ) | |
| ) | |
| Defendants. ) | |

### [PROPOSED] SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' COMBINED MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNTS I, II, III, IV AND VIII AND TO STRIKE ALLEGATIONS REGARDING COUNT I

Plaintiff, Robert B. Love, M.D. ("Dr. Love"), by and through his undersigned attorneys, respectfully submits this Sur-Reply Memorandum of Law in Opposition to the Combined Motion for Judgment on the Pleadings as to Counts I, II, III, IV and VIII and to Strike Allegations Regarding Count I (the "Combined Motion") filed by Defendants, Medical College of Wisconsin, Inc. ("MCW"), Alfred C. Nicolosi, M.D. ("Dr. Nicolosi"), Jospeh E. Kerschner, M.D. ("Dr. Kerschner"), Mary A. Papp, D.O. ("Dr. Papp"), David C. Warltier, M.D. ("Dr. Warltier"), and Larry Lindenbaum, M.D. ("Dr. Lindenbaum") (collectively, the "MCW Defendants"), and states as follows:

1

## ARGUMENT

I. **Dr. Love Did Not Release His FCA Retaliation Claim, in Part Because the Separation Agreement is Not a Settlement Agreement**

In attempt to circumvent the entrenched principle of Wisconsin law that an exculpatory clause that releases intentional or reckless conduct is unenforceable, the MCW Defendants argue for the first time in their Reply Brief in support of the Combined Motion that the Separation Agreement between Dr. Love and MCW is actually a "Settlement Agreement" to which that principle does not apply. (Dkt. 36 at 2-4) The Separation Agreement, however, is *not* a settlement agreement.

The only decision the MCW Defendants cite that draws a distinction between a release in a settlement agreement and a typical exculpatory clause, *Bourne v. Quarles & Brady, LLP*, No. 2013AP211, 2013 WI App. 128 (Wis. Ct. App. Sept. 26, 2013) (unpublished), is inapposite.[1] The *Bourne* court held that "when the published opinions on this topic refer to exculpatory clauses, they do not mean to include a mutual release that is part of a settlement agreement." *Id.* at ¶ 36. But the release at issue here was a unilateral release by Dr. Love, not a mutual release. (Dkt. 2-1 at 3.) Moreover, the release at issue in *Bourne* was the primary consideration for payment under a settlement agreement, and the main purpose of that agreement was to resolve an ongoing dispute. *Bourne*, 2013 WI App. 128, at ¶¶ 3-4, 45. By contrast, the primary consideration for payment in the Separation Agreement was Dr. Love's consenting to resign from his contractual, tenured employment, and the main purpose of the Separation Agreement was to define the terms of Dr. Love's resignation. (Dkt. 2-1 at 2.) Thus, *Bourne* has no application here, and Dr. Love did not

---

[1] In the Reply Brief, the MCW Defendants also suggest that Wisconsin courts have drawn a distinction between releases of existing claims and releases of future claims, but none of the decisions the MCW Defendants cite for that point actually draws such a distinction. (Dkt. 36 at 3)

2

release his FCA retaliation claim, which is based on allegations of intentional conduct, by signing the Separation Agreement.

## II. The Worker's Compensation Act Does Not Preempt Dr. Love's Defamation or IIED Claims, in Part Because He Has Alleged That He Was on Administrative Leave Between August 26, 2014 and April 1, 2015

In their Reply Brief, the MCW Defendants attempt to distinguish *Bostwick v. Watertown Unified School District,* No. 13-C-1036, 2013 U.S. Dist. LEXIS 170827 (E.D. Wis. Dec. 4, 2013) (*Bostwick I*), by arguing for the first time that Dr. Love failed to allege in the Complaint that he was on administrative leave when the defamation and IIED occurred. (Dkt. 36 at 8-9.) Although the Complaint does not include the phrase "administrative leave," it includes several allegations that MCW placed Dr. Love on "a leave of absence," which has the same meaning.[2] (*See, e.g.,* Dkt. 2 at ¶ 194.) In addition, the Separation Agreement, attached to the Complaint as Exhibit A, provides as follows: "Between the Effective Date of this Agreement [August 26, 2014] and the Resignation Date [April 1, 2015], Dr. Love will remain on a leave. Dr. Love shall not perform any duties, except with respect to his research, as set forth in Section 6."[3] (Dkt. 2-1 at 2.) Whether one labels the period of Dr. Love's relationship with MCW between August 26, 2014 and April 1, 2015 as "administrative leave," "a leave of absence," or "a leave," the crucial point is that during that period Dr. Love was not "acting in the course of his employment." *Bostwick I*, 2013 U.S. Dist. LEXIS 170827, at *9-10. Accordingly, the Worker's Compensation Act does not preempt Dr. Love's defamation or IIED claims.

---

[2] If necessary, Dr. Love could easily amend his complaint to replace the phrase "a leave of absence" with the phrase "administrative leave."
[3] Section 6 provides that MCW would continue to fund Dr. Love's research laboratory only through September 30, 2014. (Dkt. 2-1 at 3.)

3

## **CONCLUSION**

For the foregoing reasons, Dr. Love respectfully requests the Court to deny the MCW Defendants' Combined Motion for Judgment on the Pleadings as to Counts I, II, III, IV and VIII and to Strike Allegations Regarding Count I.

Dated: October 14, 2015

Respectfully submitted,

/s/ Alexander R. Hess

Edward F. Ruberry
Alexander R. Hess
Alexander W. Ross
RUBERRY, STALMACK & GARVEY, LLC
500 West Madison, Suite 2300
Chicago, Illinois 60661
Phone: (312) 466-8050
Fax: (312) 488-8055
ed.ruberry@rsg-law.com
alex.hess@rsg-law.com
alex.ross@rsg.law.com

*Attorneys for Plaintiff*