UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

_____

ROBERT B. LOVE, M.D.,

        Plaintiff,

v.

MEDICAL COLLEGE OF WISCONSIN, INC.,
FROEDTERT MEMORIAL LUTHERAN
HOSPITAL, INC., ALFRED C. NICOLOSI,
M.D., JOSEPH E. KERSCHNER, M.D., MARY
A. PAPP, D.O., DAVID C. WARLTIER, M.D.,
and LARRY LINDENBAUM, M.D.,,

        Defendants.

Case No.:  15-CV-650-WED

_____

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants, MEDICAL COLLEGE OF WISCONSIN, INC., ALFRED C. NICOLOSI,

M.D., JOSEPH E. KERSCHNER, M.D., MARY A. PAPP, D.O., DAVID C. WARLTIER,

M.D., and LARRY LINDENBAUM, M.D by and through their undersigned counsel Hinshaw &

Culbertson LLP and for their Answer to Plaintiff's Complaint, state as follows:

### PARTIES

1. Answering paragraph 1, Dr. Love is a CT and transplant surgeon and holds Board

Certifications as alleged, deny knowledge or information sufficient to form a belief as to the truth

of the remaining allegations contained therein.

2. Answering paragraph 2, admit MCW is a Wisconsin non-stock corporation with

its principal place of business at 8701 Watertown Plank Road, Milwaukee, Wisconsin 53226.

Admit FMLH and Zablocki are affiliated hospitals of Medical College of Wisconsin; admit

Zablocki VA is operated by the Department of Veterans' Affairs and is one site for graduate

medical and surgical training; deny the remaining allegations.

16757533v1 0973773

3.      Answering paragraph 3, admit.

4.      Answering paragraph 4, admit Dr. Nicolosi practiced as a CT surgeon in the Division or Cardiothoracic Surgery at MCW; deny the remaining allegations contained therein.

5.      Answering paragraph 5, admit.

6.      Answering paragraph 6, admit.

7.      Answering paragraph 7, admit.

8.      Answering paragraph 8, deny Dr. Larry Lindenbaum is a resident of Wisconsin or that he is currently an Assistant Professor at MCW; admit the remaining allegations.

## JURISDICTION AND VENUE

9.      Answering paragraph 9, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

10.     Answering paragraph 10, deny Dr. Love has a valid False Claims Act retaliation claim.

11.     Answering paragraph 11, deny Dr. Love has a valid False Claims Act retaliation claim.

12.     Answering paragraph 12, admit.

## FACTS

### Dr. Love's Employment at MCW and FMLH

13.     Answering paragraph 13, admit that on April 26, 2012 Dr. Love accepted the position at MCW as alleged; deny he was employed at FMLH.

14.     Answering paragraph 14, deny Dr. Love was employed at FMLH; deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

2

16757533v1 0973773

15.     Answering paragraph 15, deny Dr. Love was employed at FMLH; admit the remaining allegations.

16.     Answering paragraph 16, admit Dr. Love played a role in MCW and FMLH's efforts to build the Department of Surgery programs in Adult Cardiac Surgery, Heart Transplantation, Lung Transplantation, Heart Failure, and Mechanical Circulatory Support ("MCS"); deny the remaining allegations contained therein.

17.     Answering paragraph 17, admit the negotiated letter of recommendation attached to the complaint so states; deny this is a complete summary of Dr. Love's performance while employed by MCW.

18.     Answering paragraph 18, admit the negotiated letter of recommendation attached to the complaint so states; deny this is a complete summary of Dr. Love's performance while employed by MCW.

19.     Answering paragraph 19, admit the negotiated letter of recommendation attached to the complaint so states; deny this is a complete summary of Dr. Love's performance while employed by MCW.

20.     Answering paragraph 20, admit the negotiated letter of recommendation attached to the complaint so states; deny this is a complete summary of Dr. Love's performance while employed by MCW.

21.     Answering paragraph 21, admit the negotiated letter of recommendation attached to the complaint so states; deny this is a complete summary of Dr. Love's performance while employed by MCW.

16757533v1 0973773

22.     Answering paragraph 22, admit the negotiated letter of recommendation attached to the complaint so states; deny this is a complete summary of Dr. Love's performance while employed by MCW.

23.     Answering paragraph 23, admit the negotiated letter of recommendation attached to the complaint so states; deny this is a complete summary of Dr. Love's performance while employed by MCW.

24.     Answering paragraph 24, admit.

25.     Answering paragraph 25, deny.

**Dr. Love's Concerns Regarding MCW and FMLH's Grossly Substandard Patient Care**

26.     Answering paragraph 26, deny MCW was providing grossly substandard care; deny Dr. Love was an employee of FMLH; deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

27.     Answering paragraph 27, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

28.     Answering paragraph 28, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

29.     Answering paragraph 29, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

30.     Answering paragraph 30, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

31.     Answering paragraph 31, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

32.     Answering paragraph 32, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

4

33.     Answering paragraph 33, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

34.     Answering paragraph 34, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

35.     Answering paragraph 35, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

36.     Answering paragraph 36, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

37.     Answering paragraph 37, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

38.     Answering paragraph 38, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

39.     Answering paragraph 39, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

40.     Answering paragraph 40, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

41.     Answering paragraph 41, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

42.     Answering paragraph 42, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

43.     Answering paragraph 43, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

16757533v1 0973773

44. Answering paragraph 44, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

45. Answering paragraph 45, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

46. Answering paragraph 46, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

47. Answering paragraph 47, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

48. Answering paragraph 48, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

49. Answering paragraph 49, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

50. Answering paragraph 50, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

51. Answering paragraph 51, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

52. Answering paragraph 52, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

53. Answering paragraph 53, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

54. Answering paragraph 54, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

16757533v1 0973773

55.     Answering paragraph 55, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

56.     Answering paragraph 56, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

57.     Answering paragraph 27, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

58.     Answering paragraph 58, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

59.     Answering paragraph 59, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

60.     Answering paragraph 60, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

61.     Answering paragraph 61, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

62.     Answering paragraph 62, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

63.     Answering paragraph 63, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

64.     Answering paragraph 64, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

65.     Answering paragraph 65, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

66.     Answering paragraph 66, deny.

16757533v1 0973773

67.     Answering paragraph 67, admit.

68.     Answering paragraph 68, admit the on February 27, 2014 Dr. Biblo reported findings of a QA review of certain cases to Drs. Love, Evans, Tweddell and Sue Huerta; deny the remaining allegations contained therein.

## Dr. Love's Concerns Regarding MCW and FMLH's Transplant Program

69.     Answering paragraph 69, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

70.     Answering paragraph 70, deny.

71.     Answering paragraph 71, deny.

72.     Answering paragraph 72, deny.

73.     Answering paragraph 73, deny.

## Dr. Love's Concerns Regarding Dr. Stone

74.     Answering paragraph 74, deny Dr. Stone was a faculty member of MCW; admit Dr. Stone was at one time an employee and a practicing CT surgeon at the Kenosha Medical Center Campus.

75.     Answering paragraph 75, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

76.     Answering paragraph 76, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

77.     Answering paragraph 77, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

78.     Answering paragraph 78, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

8

16757533v1 0973773

79.     Answering paragraph 79, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

80.     Answering paragraph 80, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

81.     Answering paragraph 81, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

82.     Answering paragraph 82, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

83.     Answering paragraph 83, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

84.     Answering paragraph 84, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

85.     Answering paragraph 85, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

86.     Answering paragraph 86, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

87.     Answering paragraph 87, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

88.     Answering paragraph 88, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

89.     Answering paragraph 89, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

16757533v1 0973773

90.     Answering paragraph 90, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

91.     Answering paragraph 91, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

92.     Answering paragraph 92, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

93.     Answering paragraph 93, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

94.     Answering paragraph 94, deny.

95.     Answering paragraph 95, deny.

**Dr. Love's Concerns Regarding Dr. Almassi**

96.     Answering paragraph 96, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

97.     Answering paragraph 97, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

98.     Answering paragraph 98, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

99.     Answering paragraph 99, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

100.     Answering paragraph 100, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

101.     Answering paragraph 101, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

16757533v1 0973773

102.     Answering paragraph 102, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

103.     Answering paragraph 103, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

104.     Answering paragraph 104, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

105.     Answering paragraph 105, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

106.     Answering paragraph 106, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

107.     Answering paragraph 107, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

108.     Answering paragraph 108, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

109.     Answering paragraph 109, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

110.     Answering paragraph 110, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

111.     Answering paragraph 111, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

112.     Answering paragraph 112, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

**MCW and FMLH's Retaliation Against Dr. Love**

16757533v1 0973773

113.     Answering paragraph 113, admit that on May 8, 2014 Dr. Evans met with Dr. Love; deny this paragraph is an accurate or complete summary of the meeting and therefore deny the allegations.

114.     Answering paragraph 114, admit Dr. Love told Dr. Evans he did not want to retain his title; deny this paragraph is an accurate or complete summary of the meeting and therefore deny the allegations.

115.     Answering paragraph 115, admit.

116.     Answering paragraph 116, admit Ms. Buck sent an email on May 8, 2014 to the list of recipients as stated on the email; allege the email speaks for itself and deny any allegation inconsistent with the content of the email.

117.     Answering paragraph 117, deny.

118.     Answering paragraph 118, deny the email states or infers Dr. Love's privileges had been revoked; deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

119.     Answering paragraph 119, admit that on May 16, 2014 Dr. Tweddell sent an email to Dr. Love; allege the email speaks for itself; deny the email states Dr. Love could resume performing surgeries after that meeting.

120.     Answering paragraph 120, admit that on May 18, 2014 Dr. Evans sent Dr. love an email; allege that the email speaks for itself.

121.     Answering paragraph 121, admit.

122.     Answering paragraph 122, deny unethical practices occurred as alleged; deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

16757533v1 0973773

123. Answering paragraph 123, admit that on May 19, 2014 Ms. Cohn sent an email to Dr. Love; allege that the email speaks for itself; deny this is a complete or accurate summary of Ms. Cohn's email.

124. Answering paragraph 124, admit the meeting took place and that Dr. Evans told Dr. Love that he was being relieved of his clinical responsibilities; deny that Ms. Cohn was present at the meeting, and deny the remaining allegations contained therein.

125. Answering paragraph 125, admit Mr. Gardner and Ms. Cohn conferred on or about May 20, 2014, admit Ms. Cohn told Mr. Gardner that Dr. Love had two options: a settlement agreement or a "for cause" termination hearing as set forth in the Faculty Handbook; deny the remaining allegations.

126. Answering paragraph 126, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

127. Answering paragraph 127, admit.

128. Answering paragraph 128, admit that on June 19, 2014 Dr. Evans sent a letter to Dr. Love; allege the letter speaks for itself; deny the allegations are an accurate summary of the letter.

**Dr. Love's Separation Agreement**

129. Answering paragraph 129, admit.

130. Answering paragraph 130, admit the Separation Agreement provided that MCW would pay Dr. Love his "current monthly base salary of $51,250.00 commencing July 1,2014 through April 1, 2015", which MCW did; deny the remaining allegation contained therein.

131. Answering paragraph 131, admit Section 7 states in part as alleged; deny this is a complete recitation of Section 7 of the Agreement.

13

16757533v1 0973773

132.     Answering paragraph 132, admit the Agreement does not release claims that arose after August 26, 2014; deny Dr. Love has any valid claims against MCW or any other person arising out of his employment with MCW or otherwise.

133.     Answering paragraph 133, admit Section 7 states in part as alleged; deny this is a complete recitation of Section 7 of the Agreement.

134.     Answering paragraph 134, deny.

135.     Answering paragraph 135, admit.

136.     Answering paragraph 136, admit.

**The Zablocki VA's September 5, 2014 Revocation of Dr. Love's Privileges**

137.     Answering paragraph 137, deny.

138.     Answering paragraph 138, deny Zablocki VA terminated Dr. Love's privileges so that a hearing or formal proceeding was necessary.

139.     Answering paragraph 139, deny.

140.     Answering paragraph 140, deny.

141.     Answering paragraph 141, deny.

**Dr. Nicolosi's September 26, 2013 Letter**

142.     Answering paragraph 142, admit Dr. Nicolosi sent a letter to Dr. Kerschner on September 26, 2013; allege the letter speaks for itself; deny any allegation inconsistent with the contents of the letter.

143.     Answering paragraph 143, allege the Nicolosi letter speaks for itself; deny any allegation inconsistent with the contents of the letter.

144.     Answering paragraph 144, deny.

145.     Answering paragraph 145, deny.

14

146.    Answering paragraph 146, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

147.    Answering paragraph 147, Dr. Tweddell did not give Dr. Love a copy of the Nicolosi Letter; deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

148.    Answering paragraph 148, deny.

149.    Answering paragraph 149, deny Dana Bode reported the alleged incident to MCW senior management; deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

150.    Answering paragraph 15, deny.

151.    Answering paragraph 151, deny.

152.    Answering paragraph 152, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

**Dr. Warltier's Email to St. Mary's Hospital**

153.    Answering paragraph 153, admit.

154.    Answering paragraph 154, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

155.    Answering paragraph 155, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

156.    Answering paragraph 156, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

157.    Answering paragraph 157, deny.

158.    Answering paragraph 158, deny.

16757533v1 0973773

159.     Answering paragraph 159, deny.

160.     Answering paragraph 160, deny Dr. Warltier sent any email as alleged; deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

161.     Answering paragraph 161, deny Dr. Warltier sent any email as alleged; deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

162.     Answering paragraph 162, deny Dr. Warltier sent any email as alleged; deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

## Dr. Lindenbaum's Statements to the University of Kentucky College of Medicine

163.     Answering paragraph 163, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

164.     Answering paragraph 164, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

165.     Answering paragraph 165, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

166.     Answering paragraph 166, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

167.     Answering paragraph 167, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

168.     Answering paragraph 168, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

16757533v1 0973773

169.     Answering paragraph 169, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

170.     Answering paragraph 170, deny.

171.     Answering paragraph 171, deny.

172.     Answering paragraph 172, deny. D

173.     Answering paragraph 173, deny.

174.     Answering paragraph 174, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

175.     Answering paragraph 175, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

176.     Answering paragraph 176, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

**Dr. Love's Position with the Cadence Physician Group**

177.     Answering paragraph 177, deny Dr. Warltier and/or Dr. Lindenbaum interfered with Dr. Love's prospective positions at St. Mary's and/or UKCM; deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

178.     Answering paragraph 178, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

179.     Answering paragraph 179, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

180.     After Dr. Love's initial interview, Dr. Shoup informed him that MCW and FMLH representatives had made statements to Cadence that reflected negatively on Dr. Love's professional competence and character.

17

16757533v1 0973773

181.    Answering paragraph 181, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

182.    Answering paragraph 182, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

183.    Answering paragraph 183, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

184.    Answering paragraph 184, deny MCW engaged in any smear campaign; deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

185.    Answering paragraph 185, admit.

186.    Answering paragraph 186, deny.

187.    Answering paragraph 187, deny Dr. Love's acceptance of the position has diminished his professional status; deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

188.    Answering paragraph 188, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

**COUNT I**
**RETALIATION IN VIOLATION OF THE**
**FALSE CLAIMS ACT AGAINST MCW AND FMLH**

189.    Answering paragraph 189, defendants re-allege their answers to paragraphs 1-188 of plaintiff's complaint.

190.    Answering paragraph 190, admit.

191.    Answering paragraph 191, deny.

192.    Answering paragraph 192, deny.

193.    Answering paragraph 193, deny.

18

194.     Answering paragraph 194, deny.

195.     Answering paragraph 195, deny.

## COUNT II
## DEFAMATION
## AGAINST MCW, FMLH, DR. NICOLOSI, DR. KERSCHNER, AND DR. PAPP

196.     Answering paragraph 196, defendants re-allege their answers to paragraphs 1-195 of plaintiff's complaint.

197.     Answering paragraph 197, deny.

198.     Answering paragraph 198, admit Dr. Nicolosi provided the 9/26/2013 letter to Dr. Kerschner; deny the remaining allegations contained therein.

199.     Answering paragraph 199, admit Dr. Kerschner provided the Nicolosi letter to appropriate MCW employees; deny the remaining allegations contained therein.

200.     Answering paragraph 200, deny.

201.     Answering paragraph 201, deny.

202.     Answering paragraph 202, deny.

203.     Answering paragraph 203, deny.

204.     Answering paragraph 204, deny.

205.     Answering paragraph 205, deny.

206.     Answering paragraph 206, deny Dr. Nicolosi, Dr. Kerschner, and Dr. Papp communicated false statements about Dr. Love

## COUNT III
## DEFAMATION AGAINST MCW, FMLH, AND DR. WARLTIER

207.     Answering paragraph 207, defendants re-allege their answers to paragraphs 1-206 of plaintiff's complaint.

208.     Answering paragraph 208, deny.

209.     Answering paragraph 209, deny.

16757533v1 0973773

210.    Answering paragraph 210, deny.

211.    Answering paragraph 211, deny.

212.    Answering paragraph 212, deny.

213.    Answering paragraph 213, deny.

214.    Answering paragraph 214, deny Dr. Warltier communicated false statements about Dr. Love in any Warltier email.

**COUNT IV**
**DEFAMATION**
**AGAINST MCW, FMLH, AND DR. LINDENBAUM**

215.    Answering paragraph 215, defendants re-allege their answers to paragraphs 1-214 of plaintiff's complaint.

216.    Answering paragraph 216, deny.

217.    Answering paragraph 217, deny Dr. Lindenbaum communicated any false statements; deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

218.    Answering paragraph 218, deny.

219.    Answering paragraph 219, deny.

220.    Answering paragraph 220, deny.

221.    Answering paragraph 221, deny.

222.    Answering paragraph 222, deny Dr. Lindenbaum communicated the Lindenbaum Statements.

**COUNT V**
**TORTIOUS INTERFERENCE WITH PROSPECTIVE**
**CONTRACTUAL RELATIONS AGAINST MCW, FMLH, AND DR. WARLTIER**

223.    Answering paragraph 223, defendants re-allege their answers to paragraphs 1-222 of plaintiff's complaint.

16757533v1 0973773

224. Answering paragraph 224, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

225. Answering paragraph 225, deny.

226. Answering paragraph 226, deny.

227. Answering paragraph 227, deny.

228. Answering paragraph 228, deny.

229. Answering paragraph 229, deny Dr. Warltier sent any email to St. Mary's; to the extent any communication between St. Mary's and any MCW employee occurred, deny the allegations that the communications were not justified or privileged.

230. Answering paragraph 230, deny.

231. Answering paragraph 231, deny Dr. Warltier sent the email to Dr. Schroeder.

**COUNT VI**
**TORTIOUS INTERFERENCE WITH PROSPECTIVE**
**CONTRACTUAL RELATIONS AGAINST MCW, FMLH, AND DR. LINDENBAUM**

232. Answering paragraph 232, defendants re-allege their answers to paragraphs 1-232 of plaintiff's complaint.

233. Answering paragraph 233, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

234. Answering paragraph 234, deny.

235. Answering paragraph 235, deny.

236. Answering paragraph 236, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

237. Answering paragraph 237, deny.

238. Answering paragraph 238, deny.

239. Answering paragraph 239, deny.

21

240.    Answering paragraph 240, deny Dr. Lindenbaum communicated the Dr. Lindenbaum Statements.

## COUNT VII
## BREACH OF CONTRACT
## AGAINST MCW

241.    Answering paragraph 241, defendants re-allege their answers to paragraphs 1-188 of plaintiff's complaint.

242.    Answering paragraph 242, admit.

243.    Answering paragraph 243, admit.

244.    Answering paragraph 244, admit.

245.    Answering paragraph 245, deny.

246.    Answering paragraph 246, deny.

247.    Answering paragraph 247, deny.

248.    Answering paragraph 248, deny.

249.    Answering paragraph 249, deny.

## COUNT VIII
## INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

250.    Answering paragraph 250, defendants re-allege their answers to paragraphs 1-249 of plaintiff's complaint.

251.    Answering paragraph 251, deny.

252.    Answering paragraph 252, deny.

253.    Answering paragraph 253, deny.

254.    Answering paragraph 254, deny.

255.    Answering paragraph 255, deny.

256.    Answering paragraph 256, deny.

257.    Answering paragraph 257, deny.

16757533v1 0973773

## AFFIRMATIVE DEFENSES

1.     Plaintiff's complaint fails to state claims against defendants upon which relief can be granted.

2.     Plaintiff's Count I claim, Retaliation in Violation of the False Claims Act, has been released pursuant to the Release in the August 26, 2014 Separation Agreement attached as Exhibit A to plaintiff's Complaint.

3.     Plaintiff's claims for defamation set forth in Counts II, III and IV and for intentional infliction of emotional distress set forth in Count VIII are barred by the exclusive remedy provision of the Wisconsin Workers' Compensation Act.

4.     The statements alleged in the complaint Dr. Love attributes to Dr. Nicolosi, Dr. Warltier, Dr. Lindenbaum and/or any other MCW officer or employee were either truthful statements and/or statements of opinion and not defamatory as a matter of law.

5.     The statements Dr. Love attributes to Dr. Lindenbaum and Dr. Warltier or any other MCW employee were made in good faith and therefore subject to civil immunity under Wis. Stat. §895.487.

6.     MCW, Dr. Nicolosi, Dr. Kerschner and other employees are entitled to immunity pursuant to Wis. Stat. §146.37 regarding any alleged defamatory statements concerning Dr. Love.

7.     The statements and conduct Dr. Love attributes to the MCW employees are privileged on public policy grounds in that the conduct was in furtherance of an interest of societal importance.

8.     Upon information and belief, this Court lacks subject matter jurisdiction over the state law claims.

## PRAYER FOR RELIEF

WHEREFORE, MCW, ALFRED C. NICOLOSI, M.D., JOSEPH E. KERSCHNER, M.D., MARY A. PAPP, D.O., DAVID C. WARLTIER, M.D., and LARRY LINDENBAUM, M.D demand judgment, dismissing plaintiff's Complaint on its merits together with the costs and disbursements of this action.

23

Dated this 6th day of May, 2016.

s/Thomas R. Schrimpf
Michael P. Malone
State Bar No. 1015463
Thomas R. Schrimpf
State Bar No. 1018230
**HINSHAW & CULBERTSON LLP**
100 E. Wisconsin Avenue, Suite 2600
Milwaukee, WI 53202
Phone No.  414-276-6464
Fax No.  414-276-9220
E-mail Address(es):
mmalone@hinshawlaw.com
tschrimpf@hinshawlaw.com

16757533v1 0973773