UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

ROBERT B. LOVE,
          Plaintiff,

v.                                                               Case No. 15-cv-650

MEDICAL COLLEGE OF WISCONSIN and
FROEDTERT MEMORIAL LUTHERAN HOSPITAL,
          Defendants.
_____

## DECISION AND ORDER

Dr. Robert Love sued his former employers, the Medical College of Wisconsin ("MCW") and Froedtert Memorial Lutheran Hospital, alleging violations of the False Claims Act and various state tort laws. On April 22, 2016, I denied defendants' motions to dismiss and allowed plaintiff to move forward with his claims. Along with the motions to dismiss, the parties, at the defendants' behest, filed numerous motions to seal requesting that every document on the docket, including the complaint, be sealed. I denied the parties' motions to seal but granted a limited redaction of the complaint, allowed the complaint and answers to remain sealed and required the parties to file publicly-available versions of the pleadings which redacted the initials of patients discussed in the allegations. MCW now files a motion to reconsider and several related motions. MCW wants me to seal certain information alleged in the complaint regarding patient treatment, arguing that the Health Insurance Portability and Accountability Act ("HIPAA") bars its disclosure.

## I. Motion to Reconsider

Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* at 1270. The issue of whether HIPAA requires sealing of larger portions of the complaint was argued during the initial briefing on the motions to seal and the subsequent letters filed with the court, and I explicitly rejected the argument of the proponents in my April 22 Decision. Decision & Order at 13 (ECF No. 51). However, because of the importance of patient privacy issues under HIPAA, I will address MCW's argument in more detail.

All documents filed in a lawsuit are presumed to be publicly available. *Cty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007). "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). In other words, the public is entitled to "know what the suit is about [and] assess the judges' disposition of it" in order to understand "what the heavy financial subsidy of litigation is producing." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002). For these reasons, any documents which "influence or underpin the judicial decision are open to public inspection unless" a party shows good cause for them to remain under seal. *Id.* at 545. Very few categories of documents meet this high burden. "In civil litigation, only trade secrets, information covered by a recognized privilege . . . , and information required by statute to be maintained in

confidence . . . , is entitled to be kept secret on appeal." *Id.* at 546. "The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)." *Citizens First*, 178 F.3d at 945.

MCW argues that allegations in the complaint regarding medical procedures conducted on specific patients are protected information under HIPAA and therefore "information required by statute to be maintained in confidence." MCW has not persuaded me that mere allegations in a complaint are protected under HIPAA. HIPAA only seeks to protect "individually identifiable health information" from disclosure. Individually identifiable health information is information that "[i]s created or received by a health care provider, health plan, employer, or health care clearinghouse" related to a patient's health condition or treatment. 45 C.F.R. § 160.103. What MCW seeks to have sealed here are not patient health records, treatment notes, or payment histories which were created or received by MCW or the plaintiff, but rather allegations in a complaint. MCW cites numerous cases in which district courts have allowed documents to remain sealed or redacted because they contain HIPAA-protected information, but all of these cases deal with the sealing of patient-specific medical records produced during discovery. *See, e.g.*, *Pinnix v. SSC Silver Stream Operating Co., LLC*, No. 7:14-CV-00161-FL, 2015 WL 4671979, at *10 (E.D.N.C. Aug. 6, 2015) (addressing a compilation of a patient's medical records attached as an exhibit to a motion to compel); *Elder Care Providers of Ind. v. Home Instead, Inc.*, No, 1:14-cv-01894-SEB-MJD, 2015 WL 4425679, at *3 (S.D. Ind. July 6, 2015) (addressing patient medical records attached as exhibits to a preliminary injunction motion); *Baylor v. Comprehensive Pain Mgmt. Ctrs.,*

3

*Inc.*, No. 7:09-cv-00472, 2011 WL 451950, at *2 (W.D. Va. Feb. 1, 2011) (addressing documents such as patient records and financial records in the possession of a witness who had been subpoenaed). None of these cases support MCW's contention that allegations in a complaint constitute health information under HIPAA.

Even if the complaint's allegations do constitute health information covered by HIPAA, HIPAA does not require that they be kept confidential. As noted, only individually identifiable health information is protected from disclosure under HIPAA, and to constitute individually identifiable health information, the information must either identify the individual or be so specific that "there is a reasonable basis to believe the information can be used to identify the individual." § 160.103. Health information is not individually identifiable if it does not contain a patient's name, address, dates (except year) directly related to an individual, contact information, personally identifiable number such as a social security number or medical record number, photograph, or "any other unique identifying number, characteristic, or code." § 164.514(b)(2). Disclosure of a HIPAA-protected document with this information redacted is permissible because all individually-identifying information has been removed.

I have already ordered that the patients' initials used in the complaint be redacted. The only other information alleged in the complaint which could possibly be used to identify a person include the dates of certain operations and the age and sex of certain patients.[1] However, MCW's proposed redactions go much further. MCW seeks

---

[1] Even this is debatable. Section 164.514(b)(2) does not require redaction of age (except when it is over 89, which is not relevant here) or sex, and it is unclear whether the date of an operation is a date "directly related to an individual" as it is not listed under the section as an example of such. § 164.514(b)(2)(C) (listing "birth date, admission date,

4

Case 2:15-cv-00650-LA   Filed 05/31/16   Page 4 of 8   Document 69

to redact entire sentences describing the medical procedures performed and the alleged errors that doctors made during the procedures. It argues that this information is uncommon enough that, when combined with the other information alleged, constitutes a "unique identifying number, characteristic, or code" which could be used to identify the patient and thus must be redacted to comply with HIPAA. *See* § 164.514(b)(2)(R). I disagree. There is no reasonable basis to believe that the descriptions of the allegedly botched procedures could be used to identify the individual patients. *See* § 160.103. The patients' initials have been redacted, and I therefore see no way a person could read a general description of a medical procedure and deduce the identity of the patient. Rather, it appears that MCW is attempting to keep negative allegations regarding some of its doctors from being publicly disclosed. But this is not good cause. *See Baxter Int'l*, 297 F.3d at 547 ("[M]any litigants would like to keep [certain negative information] confidential, but when these things are vital to claims made in litigation they must be revealed.").

Thus, even if the allegations in the complaint constitute health information under HIPAA, MCW's proposed redactions are overly broad and redact significant amounts of information that does not constitute individually identifiable health information under HIPAA.[2] Further, MCW seeks to seal allegations in the complaint central to plaintiff's claims, which is information I relied on in my decision to allow plaintiff's claims to

---

discharge date, date of death" as dates directly related to an individual which must be redacted).

[2] The case MCW relies on from this circuit supports this conclusion, only authorizing minimal redaction rather than sealing the documents in their entirety. *See Elder Care Providers*, 2015 WL 4425679, at *3 (approving "minimally-redacted" documents that redacted only the patients' names, home addresses, e-mail addresses, phone numbers, and dates of birth).

5

proceed and which will be central to the case going forward. The allegations, therefore, are entitled to a strong presumption of public availability that MCW has not overcome. MCW has not met its burden of showing good cause to seal the requested portions of the complaint, and I will deny its motion for reconsideration. I will, however, approve some additional redaction. As I noted above, the complaint contains allegations of the dates of certain procedures and the age and sex of certain patients. Although I do not believe HIPAA requires further redaction, I will allow MCW to submit an amended redacted version of the complaint redacting only the dates of procedures and the age and sex of patients. I do this out of an abundance of caution for the privacy interests of the non-party patients and because, like patient initials, this information is not relevant or important to the plaintiff's claims or my decision on the motion to dismiss.[3]

## II. Motion to Restrict Pending Appeal

MCW has indicated that if I do not accept its redacted version of the complaint, it intends to appeal my decision on the sealing issue under either the collateral order doctrine or under the circuit court's mandamus power. In the meantime, it asks that I order the clerk of court to continue to maintain the complaint and answers under seal pending the appeal. I will grant MCW's motion. Plaintiff will not be harmed by continuing the litigation with the complaint and answers under seal until the Seventh Circuit has weighed in on the issue, and if I have erred and more information in the complaint should be redacted, sealing the documents pending appeal will serve the privacy interests of the non-party patients. For the same reasons, if MCW decides to appeal my

---

[3] As I noted in my original decision on this issue, discovery in this case is likely to include medical records that are protected by HIPAA. Should the parties file such documents during summary judgment or at trial, I will address the appropriate way to protect sensitive medical information at that time.

decision, it need not publicly file an amended redacted version of the complaint as discussed above pending resolution of the appeal.

### III. Motion to Stay

MCW also asks that, if I do not accept its redacted version of the complaint, I stay proceedings in this case pending appeal of the sealing issue. I see no good reason to do so. The parties can proceed to discovery while the complaint and answers remained under seal pending appeal, and the Seventh Circuit's decision on the issue should not affect discovery. Further, staying litigation pending appeal will likely prejudice plaintiff by delaying discovery and his ability to timely pursue his lawsuit. Therefore, as part of this order, I will schedule an initial scheduling conference pursuant to Fed. R. Civ. P. 16(b).

**THEREFORE, IT IS ORDERED** that MCW's motion for reconsideration (ECF No. 61) is **DENIED in part**. MCW may submit an amended redacted version of the complaint redacting only patient age, sex, and dates of medical procedures.

**IT IS FURTHER ORDERED** that MCW's motion to stay proceedings (ECF No. 62) is **DENIED**.

**IT IS FURTHER ORDERED** that a telephonic Fed. R. Civ. P. 16(b) scheduling conference will be held on **June 14, 2016 at 11:30 a.m.** The court will initiate the call. The participation of the attorneys who will be handling the case is required, and their telephone number should be provided in the Rule 26(f) report.

The parties should note Fed. R. Civ. P. 26(f), which requires that they confer with each other at least 21 days before the Rule 16(b) scheduling conference and file a written report of their proposed discovery plan within 14 days after their Rule 26(f)

conference. The first paragraph of the joint 26(f) report should state the date and time given above for the Rule 16(b) scheduling conference. The parties should also note Rule 26(a)(1), which requires (unless they agree otherwise) that they make their initial disclosures to each other within 14 days after their Rule 26(f) conference.

**IT IS FURTHER ORDERED** that MCW's motion to restrict pending appeal (ECF No. 64) is **GRANTED**. The Clerk of Court shall:

a. Restrict access to the following documents to case participants only, pending further order from the court: Complaint (ECF No. 2); Answer (ECF No. 19); Redacted Complaint (ECF No. 52); Letter Ex. 1 (ECF No. 53-1); and Redacted Complaint (ECF No. 55).

b. Unseal all other documents filed in this case so that they are publicly available.

Dated at Milwaukee, Wisconsin, this 31st day of May, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

8

Case 2:15-cv-00650-LA   Filed 05/31/16   Page 8 of 8   Document 69