UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT B. LOVE,
    Plaintiff,

 v.              Case No. 15-CV-650

MEDICAL COLLEGE OF WISCONSIN et al.,
    Defendants.

## DECISION AND ORDER

Plaintiff Robert Love, brings this suit alleging that defendants Medical College of Wisconsin (MCW), Froedtert Memorial Lutheran Hospital (Froedtert), and several physicians employed by MCW violated the False Claims Act and Wisconsin tort law. Before me now is Love's motion for leave to file an amended complaint, the parties' joint motion to modify the schedule, and Love's motion to schedule a telephonic status conference.

### I. Motion for Leave to File an Amended Complaint

On April 22, 2016, in an order addressing various then-pending motions, I found that Love broadly released MCW and its employees from liability for claims arising before August 26, 2014 by signing a separation agreement with MCW. In light of that order and ongoing discovery, Love now moves for leave to file an amended complaint. Defendants do not generally object to Love filing an amended complaint but do object to some of the particular proposed amendments, arguing that they would not survive a motion to dismiss and are, therefore, futile.

Under Federal Rule of Civil Procedure 15(a)(2), "a district court [must] allow amendment unless there is a good reason . . . for denying leave to amend." *Life Plans,*

1

*Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). But, "[d]istrict courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014) (quoting *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013)). To survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

First, defendants argue that Love's proposed amended complaint would not survive a motion to dismiss his claims of intentional infliction of emotional distress against defendants Joseph E. Kerschner, Alfred C. Nicolosi, and David Warltier. To state a claim for intentional infliction of emotional distress under Wisconsin law, a plaintiff must allege "(1) that the defendant's conduct was intentioned to cause emotional distress; (2) that the defendant's conduct was extreme and outrageous; (3) that the defendant's conduct was a cause-in-fact of the plaintiff's emotional distress; and (4) that the plaintiff suffered an extreme disabling emotional response to the defendant's conduct." *Rabideau v. City of Racine*, 627 N.W.2d 795, 803 (Wis. 2001) (citing *Alsteen v. Gehl*, 124 N.W.2d 312, 318 (Wis. 1963)).

Love alleges that the defendants, including Kerschner, Nicolosi, and Warltier, "engaged in a protracted campaign to ruin [his] career and well-earned reputation," their "conduct was intentioned to cause [him] emotional distress," their "conduct was extreme and outrageous," he "suffered an extreme disabling emotional response to [their]

2

conduct," and their "conduct was a cause-in-fact of [his] emotional distress." ECF No. 79-1, ¶¶ 265–69. This is, for the most part, a formulaic recitation of the elements of the cause of action, which is not, by itself, sufficient to survive a motion to dismiss, *Twombly*, 550 U.S. at 555, so I must look to the specific factual allegations in Love's proposed amended complaint concerning each of these defendants.

Love does not allege any facts about Kerschner that occurred after August 26, 2014. Thus, any claims that Love may have had against Kerschner based on the facts alleged in his proposed amended complaint were released by the separation agreement. Love may not proceed against Kerschner.

As for Nicolosi and Warltier, Love alleges specific facts tending to show that they participated in the "protracted campaign" to ruin his career and reputation after August 26, 2014. Love alleges that on October 21, 2014, proposed defendant Paul S. Pagel communicated by text message with Andrew R. Schroeder, a physician at St. Mary's Hospital in Madison, Wisconsin, where Love was seeking employment after leaving MCW, that Love was incompetent, had multiple malpractice cases pending against him, was a threat to public health, and had a substantial number of patients die during the first few months of 2014. Love alleges that Nicolosi (to whom Pagel allegedly refers by name in the text messages) and Warltier communicated the substance of these statements to Pagel after Love left MCW on August 26, 2014. Love further alleges that they did so out of malice. This, combined with Love's other factual allegations, is enough to state a plausible claim against Nicolosi and Warltier for intentional infliction of emotional distress under Wisconsin law, so Love may proceed against Nicolosi and Warltier.

3

Next, Froedtert argues that Love has not sufficiently alleged that it is vicariously liable for Pagel's alleged defamation and tortious interference with prospective contractual relations (Counts II and IV of the proposed amended complaint). I addressed similar arguments in my April 22, 2016 order in this case, *see* ECF No. 51, at 5–6, 9–11, and I will not repeat that discussion here. Love provides a single conclusory allegation linking Pagel and Froedtert but does not allege that Pagel was employed by Froedtert, that Froedtert was exercising control over Pagel when he committed the torts at issue, or that the events giving rise to Love's claims against Pagel occurred at Froedtert. *See id.* at 9–11 (discussing and applying these factors). Thus, I agree with Froedtert that Love's proposed amended complaint does not state a plausible claim that Froedtert is vicariously liable for Pagel's alleged tortious acts. Love may not proceed against Froedtert on Counts II and IV of his proposed amended complaint.

Defendants do not otherwise object to Love filing an amended complaint. Therefore, I will grant Love's motion and order that the Clerk of Court file his amended complaint.

## II. Joint Motion to Modify the Schedule

On June 14, 2016, I entered a scheduling order setting deadlines for discovery and dispositive motions in this case. ECF No. 72. On September 30, 2016, Love filed the motion for leave to file an amended complaint discussed above. The parties agree that the scope of discovery will change after Love's proposed amended complaint becomes operative. They move to modify the schedule such that service of amended Rule 26(a)(1) initial disclosures and amended interrogatories and requests for

production are due 14 days after all defendants have filed responses (possibly including Rule 12 motions) to Love's amended complaint. I will grant the parties' joint motion.

### III. Motion to Schedule a Status Conference

Love moves to schedule a telephonic status conference to "discuss with the Court how [the parties] should proceed with discovery in light of the pending Motion for Leave and the looming deadline for the Parties' production of documents," which is currently January 27, 2017. ECF No. 83, ¶¶ 10–11. This decision and order resolves Love's pending motion for leave to file an amended complaint prior to that deadline, so I do not believe a status conference is necessary at this time. The parties may move for an extension of the document production deadline, if necessary.

### IV. Conclusion

**THEREFORE, IT IS ORDERED** that Love's motion for leave to file an amended complaint (ECF No. 79) is **GRANTED**, except as described above.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file Love's amended complaint (found at ECF No. 79-1).

**IT IS FURTHER ORDERED** that the parties' joint motion to modify the schedule (ECF No. 82) is **GRANTED**. The parties shall serve their amended Rule 26(a)(1) initial disclosures and amended interrogatories and requests for production within 14 days after all defendants have responded to plaintiff's amended complaint. Responses to the amended written discovery shall be due 30 days after service.

**IT IS FURTHER ORDERED** that Love's motion to schedule a telephonic status conference (ECF No. 83) is **DENIED**.

5

Dated at Milwaukee, Wisconsin, this 29th day of December, 2016.

        s/ Lynn Adelman
        _____
        LYNN ADELMAN
        District Judge

6

Case 2:15-cv-00650-LA   Filed 12/29/16   Page 6 of 6   Document 84