UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

ROBERT B. LOVE, M.D.,

        Plaintiff,

v.

MEDICAL COLLEGE OF WISCONSIN, INC.,
FROEDTERT MEMORIAL LUTHERAN
HOSPITAL, INC., ALFRED C. NICOLOSI,
M.D., PAUL S. PAGEL, M.D., DAVID C.
WARLTIER, M.D., and LARRY
LINDENBAUM, M.D.,

        Defendants.

Case No.:  15-CV-650

---

**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

---

Defendants, MEDICAL COLLEGE OF WISCONSIN, INC., ALFRED C. NICOLOSI,
M.D., DAVID C. WARLTIER, M.D., and LARRY LINDENBAUM, M.D by their attorneys
Hinshaw & Culbertson LLP answer Plaintiff's Second Amended Complaint follows:

**PARTIES**

1.      Answering paragraph 1, admit Dr. Love is a CT and transplant surgeon and holds
Board Certifications as alleged, deny knowledge or information sufficient to form a belief as to
the truth of the remaining allegations contained therein.

2.      Answering paragraph 2, admit MCW is a Wisconsin non-stock corporation with
its principal place of business at 8701 Watertown Plank Road, Milwaukee, Wisconsin 53226.
Admit FMLH and Zablocki VA are affiliated hospitals of Medical College of Wisconsin; admit
Zablocki VA is operated by the Department of Veterans' Affairs and is one site for graduate
medical and surgical training; deny the remaining allegations.

300653563v1 0973773

3.      Answering paragraph 3, admit.

4.      Answering paragraph 4, admit.

5.      Answering paragraph 5, admit.

6.      Answering paragraph 6, admit.

7.      Answering paragraph 7, deny Dr. Larry Lindenbaum is a resident of Wisconsin or that he is currently an Assistant Professor at MCW.

## JURISDICTION AND VENUE

8.      Answering paragraph 8, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

9.      Answering paragraph 9, deny Dr. Love has a valid False Claims Act retaliation claim.

10.      Answering paragraph 10, deny Dr. Love has a valid False Claims Act retaliation claim.

11.      Answering paragraph 11, admit.

## FACTS

### Dr. Love's Employment at MCW and FMLH

12.      Answering paragraph 12, admit Dr. Love accepted the position at MCW as alleged; deny he was employed at FMLH and deny all remaining allegations.

13.      Answering paragraph 13, deny Dr. Love was employed at FMLH; deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

14.      Answering paragraph 14, deny Dr. Love was employed at FMLH; admit the remaining allegations.

2

300653563v1 0973773

15.     Answering paragraph 15, admit Dr. Love played a role in MCW and FMLH's efforts to build the Department of Surgery programs in Adult Cardiac Surgery, Heart Transplantation, Lung Transplantation, Heart Failure, and Mechanical Circulatory Support ("MCS"); deny the remaining allegations contained therein.

16.     Answering paragraph 16, admit the negotiated letter of recommendation attached to the second amended complaint so states; deny this is a complete summary of Dr. Love's performance while employed by MCW.

17.     Answering paragraph 17, admit the negotiated letter of recommendation attached to the second amended complaint so states; deny this is a complete summary of Dr. Love's performance while employed by MCW.

18.     Answering paragraph 18, admit the negotiated letter of recommendation attached to the second amended complaint so states; deny this is a complete summary of Dr. Love's performance while employed by MCW.

19.     Answering paragraph 19, admit the negotiated letter of recommendation attached to the second amended complaint so states; deny this is a complete summary of Dr. Love's performance while employed by MCW.

20.     Answering paragraph 20, admit the negotiated letter of recommendation attached to the second amended complaint so states; deny this is a complete summary of Dr. Love's performance while employed by MCW.

21.     Answering paragraph 21, admit the negotiated letter of recommendation attached to the second amended complaint so states; deny this is a complete summary of Dr. Love's performance while employed by MCW.

300653563v1 0973773

22.     Answering paragraph 22, admit the negotiated letter of recommendation attached to the second amended complaint so states; deny this is a complete summary of Dr. Love's performance while employed by MCW.

23.     Answering paragraph 23, admit.

24.     Answering paragraph 24, deny.

**Dr. Love's Concerns Regarding MCW and FMLH's Grossly Substandard Patient Care**

25.     Answering paragraph 25, deny MCW was providing grossly substandard care; deny Dr. Love was an employee of FMLH; deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

26.     Answering paragraph 26, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

27.     Answering paragraph 27, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

28.     Answering paragraph 28, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

29.     Answering paragraph 29, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

30.     Answering paragraph 30, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

31.     Answering paragraph 31, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

32.     Answering paragraph 32, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

300653563v1 0973773

33.     Answering paragraph 33, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

34.     Answering paragraph 34, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

35.     Answering paragraph 35, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

36.     Answering paragraph 36, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

37.     Answering paragraph 37, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

38.     Answering paragraph 38, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

39.     Answering paragraph 39, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

40.     Answering paragraph 40, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

41.     Answering paragraph 41, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

42.     Answering paragraph 42, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

43.     Answering paragraph 43, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

300653563v1 0973773

44.     Answering paragraph 44, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

45.     Answering paragraph 45, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

46.     Answering paragraph 46, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

47.     Answering paragraph 47, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

48.     Answering paragraph 48, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

49.     Answering paragraph 49, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

50.     Answering paragraph 50, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

51.     Answering paragraph 51, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

52.     Answering paragraph 52, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

53.     Answering paragraph 53, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

54.     Answering paragraph 54, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

300653563v1 0973773

55.     Answering paragraph 55, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

56.     Answering paragraph 56, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

57.     Answering paragraph 57, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

58.     Answering paragraph 58, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

59.     Answering paragraph 59, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

60.     Answering paragraph 60, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

61.     Answering paragraph 61, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

62.     Answering paragraph 62, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

63.     Answering paragraph 63, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

64.     Answering paragraph 64, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

65.     Answering paragraph 65, deny.

66.     Answering paragraph 66, admit.

300653563v1 0973773

67.     Answering paragraph 67, admit the on February 27, 2014 Dr. Biblo reported findings of a QA review of certain cases to Drs. Love, Evans, Tweddell and Sue Huerta; deny the remaining allegations contained therein.

**Dr. Love's Concerns Regarding MCW and FMLH's Transplant Program**

68.     Answering paragraph 68, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

69.     Answering paragraph 69, deny.

70.     Answering paragraph 70, deny.

71.     Answering paragraph 71, deny.

**Dr. Love's Concerns Regarding Dr. Stone**

72.     Answering paragraph 72, deny Dr. Stone was a faculty member of MCW; admit Dr. Stone was at one time an employee and a practicing CT surgeon at the Kenosha Medical Center Campus.

73.     Answering paragraph 73, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

74.     Answering paragraph 74, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

75.     Answering paragraph 75, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

76.     Answering paragraph 76, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

77.     Answering paragraph 77, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

300653563v1 0973773

78. Answering paragraph 78, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

79. Answering paragraph 79, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

80. Answering paragraph 80, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

81. Answering paragraph 81, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

82. Answering paragraph 82, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

83. Answering paragraph 83, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

84. Answering paragraph 84, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

85. Answering paragraph 85, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

86. Answering paragraph 86, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

87. Answering paragraph 87, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

88. Answering paragraph 88, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

300653563v1 0973773

89.     Answering paragraph 89, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

90.     Answering paragraph 90, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

91.     Answering paragraph 91, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

92.     Answering paragraph 92, deny.

93.     Answering paragraph 93, deny.

**Dr. Love's Concerns Regarding Dr. Almassi**

94.     Answering paragraph 94, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

95.     Answering paragraph 95, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

96.     Answering paragraph 96, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

97.     Answering paragraph 97, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

98.     Answering paragraph 98, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

99.     Answering paragraph 99, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

100.     Answering paragraph 100, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

300653563v1 0973773

101.     Answering paragraph 101, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

102.     Answering paragraph 102, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

103.     Answering paragraph 103, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

104.     Answering paragraph 104, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

105.     Answering paragraph 105, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

106.     Answering paragraph 106, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

107.     Answering paragraph 107, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

108.     Answering paragraph 108, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

109.     Answering paragraph 109, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

**MCW and FMLH's Retaliation Against Dr. Love**

110.     Answering paragraph 110, deny.

111.     Answering paragraph 111, deny.

112.     Answering paragraph 112, deny.

113.     Answering paragraph 113, deny.

11

300653563v1 0973773

114.    Answering paragraph 114, admit that on May 8, 2014 Dr. Evans met with Dr. Love; deny this paragraph is an accurate or complete summary of the meeting and therefore deny the allegations.

115.    Answering paragraph 115, admit Dr. Love told Dr. Evans he did not want to retain his title; deny this paragraph is an accurate or complete summary of the meeting and therefore deny the allegations.

116.    Answering paragraph 116, admit a meeting was discussed for the following week, deny this paragraph is an accurate or complete summary of the discussion and therefore deny the allegations.

117.    Answering paragraph 117, admit Ms. Buck sent an email on May 8, 2014 to the list of recipients as stated on the email; allege the email speaks for itself and deny any allegation inconsistent with the content of the email.

118.    Answering paragraph 118, deny the email states or infers Dr. Love's privileges had been revoked; deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

119.    Answering paragraph 119, deny unethical practices occurred as alleged; deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

120.    Answering paragraph 120, admit that on May 19, 2014 Ms. Cohn sent an email to Dr. Love; allege that the email speaks for itself; deny this is a complete or accurate summary of Ms. Cohn's email.

300653563v1 0973773

121.     Answering paragraph 121, admit the meeting took place and that Dr. Evans told Dr. Love that he was being relieved of his clinical responsibilities; deny that Ms. Cohn was present at the meeting, and deny the remaining allegations contained therein.

122.     Answering paragraph 122, admit Mr. Gardner and Ms. Cohn conferred on or about May 20, 2014 admit Ms. Cohn told Mr. Gardner that Dr. Love had two options: a settlement agreement or a "for cause" termination hearing as set forth in the Faculty Handbook; deny the remaining allegations.

123.     Answering paragraph 123, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

124.     Answering paragraph 124, admit.

125.     Answering paragraph 125, admit that on June 19, 2014 Dr. Evans sent a letter to Dr. Love; allege the letter speaks for itself; deny the allegations are an accurate summary of the letter.

**Dr. Love's Separation Agreement and the Zablocki VA's Revocation of His Privileges**

126.     Answering paragraph 127, admit.

127.     Answering paragraph 127, admit the Separation Agreement provided that MCW would pay Dr. Love his "current monthly base salary of $51,250.00 commencing July 1, 2014 through April 1, 2015", which MCW did; deny the remaining allegation contained therein.

128.     Answering paragraph 128, admit Section 7 states in part as alleged; deny this is a complete recitation of Section 7 of the Agreement.

13

300653563v1 0973773

129.     Answering paragraph 129, admit the Agreement does not release claims that arose after August 26, 2014; deny Dr. Love has any valid claims against MCW or any other person arising out of his employment with MCW or otherwise.

130.     Answering paragraph 130, admit Section 7 states in part as alleged; deny this is a complete recitation of Section 7 of the Agreement.

131.     Answering paragraph 131, admit.

132.     Answering paragraph 132, admit Dr. Erdmann in his capacity as Chief of Staff of the Zablocki VA sent Dr. Love the August 20, 2014 Letter, deny the letter states that Zablocki had revoked his privileges; allege that on August 20, 2014 Dr. Erdmann in his capacity as Chief of Staff of the Zablocki VA notified Dr. Love by letter that "We will no longer be requiring your call services, therefore your VA appointment concludes effective August 22, 2014."

133.     Answering paragraph 133, deny Zablocki VA revoked Dr. Love's privileges or that a hearing or formal proceeding was required prior to Dr. Erdmann's August 20, 2014 Letter.

134.     Answering paragraph 134, deny.

135.     Answering paragraph 135, deny.

136.     Answering paragraph 136, deny Dr. Erdmann was acting as an employee or agent of MCW when he prepared the August 20, 2014 Letter; deny the remaining allegations contained therein.

137.     Answering paragraph 137, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

138.     Answering paragraph 138, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

300653563v1 0973773

139.     Answering paragraph 139, deny the VA revoked Dr. Love's privileges; allege Dr. Love was sent and received the August 20, 2014 letter.

140.     Answering paragraph 140, deny.

141.     Answering paragraph 141, deny.

142.     Answering paragraph 142, admit Dr. Erdmann in his capacity as Chief of Staff of the Zablocki VA sent Dr. Love the September 5, 2014 Letter; alleges that Exhibit B. speaks for itself; deny the letter states that Zablocki had revoked his privileges.

143.     Answering paragraph 143, deny.

144.     Answering paragraph 144, deny Dr. Love's privileges were revoked or that any action with respect to his VA privileges was ever reported to the Wisconsin Medical Licensing/Examining Board, nor to the National Practitioner Data Bank; deny the remaining allegations contained therein.

145.     Answering paragraph 145, deny Dr. Love's privileges were revoked or that any action with respect to his VA privileges was ever reported to the Wisconsin Medical Licensing/Examining Board, nor to the National Practitioner Data Bank; deny the remaining allegations contained therein.

146.     Answering paragraph 146, deny Dr. Love's privileges were revoked; deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

**Dr. Pagel's Statements to St. Mary's Hospital**

147.     Answering paragraph 147, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

300653563v1 0973773

148.     Answering paragraph 148, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

149.     Answering paragraph 149, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

150.     Answering paragraph 150, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

151.     Answering paragraph 151, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

152.     Answering paragraph 152, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

153.     Answering paragraph 153, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

154.     Answering paragraph 154, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

155.     Answering paragraph 155, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

156.     Answering paragraph 156, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

157.     Answering paragraph 157, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

158.     Answering paragraph 158, deny.

159.     Answering paragraph 159, deny.

160.     Answering paragraph 160, deny.

300653563v1 0973773

161. Answering paragraph 161, deny.

162. Answering paragraph 162, deny.

163. Answering paragraph 163, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

164. Answering paragraph 164, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

165. Answering paragraph 165, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

166. Answering paragraph 166, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

167. Answering paragraph 167, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

168. Answering paragraph 168, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

169. Answering paragraph 169, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

170. Answering paragraph 170, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

171. Answering paragraph 171, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

172. Answering paragraph 172, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

300653563v1 0973773

173.    Answering paragraph 173, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

174.    Answering paragraph 174, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

175.    Answering paragraph 175, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

176.    Answering paragraph 176, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

177.    Answering paragraph 177, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

178.    Answering paragraph 178, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

179.    Answering paragraph 179, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

180.    Answering paragraph 180, deny Zablocki VA revoked Dr. Love's privileges for retaliatory purposes or otherwise, admit Ms. Buck sent an e-mail on May 23, 2014 and allege that said e-mail speaks for itself; deny all remaining allegations contained therein.

181.    Answering paragraph 181, admit that Dr. Shoup spoke with Dr. Evans, deny the characterization of Dr. Shoup's conversation with Dr. Evans, deny all remaining allegations contained therein.

182.    Answering paragraph 182, admit MCW sent the February 26, 2015 letter as alleged; deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

18

300653563v1 0973773

183.    Answering paragraph 183, deny.

184.    Answering paragraph 184, deny.

185.    Answering paragraph 185, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

186.    Answering paragraph 186, deny this characterization of Dr. Pagel's text, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

187.    Answering paragraph 187, deny.

188.    Answering paragraph 188, deny.

189.    Answering paragraph 189, deny.

190.    Answering paragraph 190, deny.

**Dr. Lindenbaum's Statements to the University of Kentucky College of Medicine**

191.    Answering paragraph 191, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

192.    Answering paragraph 192, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

193.    Answering paragraph 193, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

194.    Answering paragraph 194, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

195.    Answering paragraph 195, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

300653563v1 0973773

196.     Answering paragraph 196, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

197.     Answering paragraph 197, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

198.     Answering paragraph 198, deny.

199.     Answering paragraph 199, deny.

200.     Answering paragraph 200, deny.

201.     Answering paragraph 201, deny.

202.     Answering paragraph 202, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

203.     Answering paragraph 203, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

204.     Answering paragraph 204, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

205.     Answering paragraph 205, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

**Dr. Love's Position with the Cadence Physician Group**

206.     Answering paragraph 206, deny defendants interfered with Dr. Love's prospective positions at St. Mary's and/or UKCM; deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

207.     Answering paragraph 207, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

300653563v1 0973773

208. Answering paragraph 208, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

209. Answering paragraph 209, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

210. Answering paragraph 210, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

211. Answering paragraph 211, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

212. Answering paragraph 212, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

213. Answering paragraph 213, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

214. Answering paragraph 214, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

215. Answering paragraph 215, admit.

216. Answering paragraph 216, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

217. Answering paragraph 217, deny Dr. Love's acceptance of the position has diminished his professional status; deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

218. Answering paragraph 218, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

300653563v1 0973773

## COUNT I
## RETALIATION IN VIOLATION OF THE
## FALSE CLAIMS ACT AGAINST MCW

219.     Answering paragraph 219, defendants re-allege their answers to paragraphs 1-218 of plaintiff's second amended complaint.

220.     Answering paragraph 220, admit.

221.     Answering paragraph 221, deny.

222.     Answering paragraph 222, deny.

223.     Answering paragraph 223, deny.

224.     Answering paragraph 224, deny MCW revoked Dr. Love's privileges at the Zablocki VA; allege that the Zablocki VA ended Dr. Love's appointment at the VA effective August 22, 2014 and that the VA notified Dr. Love that his appointment had ended prior to August 26, 2014; deny the remaining allegations contained therein.

225.     Answering paragraph 225, deny

226.     Answering paragraph 226, deny.

## COUNT II
## DEFAMATION
## AGAINST MCW, FMLH, DR. PAGEL

227.     Answering paragraph 227, defendants re-allege their answers to paragraphs 1-226 of plaintiff's second amended complaint.

228.     Answering paragraph 228, deny.

229.     Answering paragraph 229, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

230.     Answering paragraph 230, deny.

231.     Answering paragraph 231, deny.

232.     Answering paragraph 232, deny.

300653563v1 0973773

233.     Answering paragraph 233, deny.

234.     Answering paragraph 234, deny.

## COUNT III
## DEFAMATION
## AGAINST MCW, FMLH, AND DR. LINDENBAUM

235.     Answering paragraph 235, defendants re-allege their answers to paragraphs 1-234 of plaintiff's second amended complaint.

236.     Answering paragraph 236, deny.

237.     Answering paragraph 237, deny Dr. Lindenbaum communicated any false statements; deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

238.     Answering paragraph 238, deny.

239.     Answering paragraph 239, deny.

240.     Answering paragraph 240, deny.

241.     Answering paragraph 241, deny.

242.     Answering paragraph 242, deny Dr. Lindenbaum communicated the Lindenbaum Statements; deny all remaining allegations contained therein.

## COUNT IV
## TORTIOUS INTERFERENCE WITH PROSPECTIVE
## CONTRACTUAL RELATIONS AGAINST MCW, FMLH, AND DR. PAGEL

243.     Answering paragraph 243, defendants re-allege their answers to paragraphs 1-242 of plaintiff's second amended complaint.

244.     Answering paragraph 244, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

245.     Answering paragraph 245, deny.

246.     Answering paragraph 246, deny.

300653563v1 0973773

247.     Answering paragraph 247, deny.

248.     Answering paragraph 248, deny.

249.     Answering paragraph 249, deny allegations that the communications were not justified or privileged.

250.     Answering paragraph 250, deny.

251.     Answering paragraph 251, deny.

**COUNT V**
**TORTIOUS INTERFERENCE WITH PROSPECTIVE**
**CONTRACTUAL RELATIONS AGAINST MCW, FMLH, AND DR. LINDENBAUM**

252.     Answering paragraph 252, defendants re-allege their answers to paragraphs 1-251 of plaintiff's second amended complaint.

253.     Answering paragraph 253, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

254.     Answering paragraph 254, deny.

255.     Answering paragraph 255, deny.

256.     Answering paragraph 256, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

257.     Answering paragraph 257, deny.

258.     Answering paragraph 258, deny.

259.     Answering paragraph 259, deny.

260.     Answering paragraph 260, deny Dr. Lindenbaum communicated the Dr. Lindenbaum Statements, deny all remaining allegations contained therein.

300653563v1 0973773

## COUNT VI
## BREACH OF CONTRACT
## AGAINST MCW

261.    Answering paragraph 261, defendants re-allege their answers to paragraphs 1-260 of plaintiff's second amended complaint.

262.    Answering paragraph 262, admit.

263.    Answering paragraph 263, admit the Separation Agreement is valid and enforceable; deny Dr. Love has any basis to contest the validity of the Agreement.

264.    Answering paragraph 264, deny Dr. Love has any claim for damages for breach of the Separation Agreement.

265.    Answering paragraph 265, admit Section 12 provides in part as alleged.

266.    Answering paragraph 266, deny.

267.    Answering paragraph 267, deny.

268.    Answering paragraph 268, deny.

269.    Answering paragraph 269, deny.

270.    Answering paragraph 270, deny.

## COUNT VII
## INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

271.    Answering paragraph 271, defendants re-allege their answers to paragraphs 1-270 of plaintiff's second amended complaint.

272.    Answering paragraph 272, deny.

273.    Answering paragraph 273, deny.

274.    Answering paragraph 274, deny.

275.    Answering paragraph 275, deny.

276.    Answering paragraph 276, deny.

25

300653563v1 0973773

277. Answering paragraph 277, deny.

278. Answering paragraph 278, deny.

## AFFIRMATIVE DEFENSES

1. Plaintiff's second amended complaint fails to state claims against defendants upon which relief can be granted.

2. Plaintiff's Count I claim, Retaliation in Violation of the False Claims Act, has been released pursuant to the Release in the August 26, 2014 Separation Agreement attached as Exhibit A to plaintiff's second amended complaint.

3. Plaintiff's claims for defamation set forth in Counts II, III and IV and for intentional infliction of emotional distress set forth in Count VII are barred by the exclusive remedy provision of the Wisconsin Workers' Compensation Act.

4. The statements alleged in the second amended complaint Dr. Love attributes to Dr. Lindenbaum and Dr. Pagel and/or any other MCW officer or employee were either truthful statements and/or statements of opinion and not defamatory as a matter of law.

5. The statements Dr. Love attributes to Dr. Lindenbaum and Dr. Pagel or any other MCW employee were made in good faith and therefore subject to civil immunity under Wis. Stat. §895.487.

6. MCW, and other employees are entitled to immunity pursuant to Wis. Stat. §146.37 regarding any alleged defamatory statements concerning Dr. Love.

7. The statements and conduct Dr. Love attributes to the MCW employees are privileged on public policy grounds in that the conduct was in furtherance of an interest of societal importance.

300653563v1 0973773

8.      Upon information and belief, this Court lacks subject matter jurisdiction over the state law claims.

9.      Love disclosed the Separation Agreement in violation of the Confidentiality Provision.

10.     In the event Dr. Love rescinds or otherwise voids the Separation Agreement, defendants are entitled to a set off equal to all consideration paid to Dr. Love under the Separation Agreement, plus interest.

11.     Dr. Love has waived or is estopped from claiming the Separation Agreement is invalid.

12.     Dr. Love has failed to mitigate his damages.

13.     These Defendants reserve the right to add affirmative defenses that become known through the course of discovery.

## PRAYER FOR RELIEF

WHEREFORE, MEDICAL COLLEGE OF WISCONSIN, INC., ALFRED C. NICOLOSI, M.D., DAVID WARLTIER, M.D. and LARRY LINDENBAUM, M.D demand judgment, dismissing plaintiff's Second Amended Complaint on its merits together with the costs and disbursements of this action.

300653563v1 0973773

Dated this 9th day of November, 2017.

s/*Thomas R. Schrimpf*
Michael P. Malone
State Bar No. 1015463
Thomas R. Schrimpf
State Bar No. 1018230
Jill M. Munson
State Bar No. 1019540
**HINSHAW & CULBERTSON LLP**
100 E. Wisconsin Avenue, Suite 2600
Milwaukee, WI 53202
Phone No.  414-276-6464
Fax No.  414-276-9220
E-mail Address(es):
mmalone@hinshawlaw.com
tschrimpf@hinshawlaw.com
jmunson@hinshawlaw.com

28

300653563v1 0973773