UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROBERT B. LOVE, M.D., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| MEDICAL COLLEGE OF WISCONSIN, INC., FROEDTERT MEMORIAL LUTHERAN HOSPITAL, INC., ALFRED C. NICOLOSI, M.D., PAUL S. PAGEL, M.D., DAVID C. WARLTIER, M.D., and LARRY LINDENBAUM, M.D., | ) ) ) ) ) ) ) ) Case No. 2:15-cv-00650-LA |
| Defendants. | ) ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S RULE 12(F) MOTION TO STRIKE AFFIRMATIVE DEFENSES

Plaintiff, Robert B. Love, M.D. ("Dr. Love"), by and through his undersigned counsel, respectfully moves this Court, under Federal Rule of Civil Procedure 12(f), to strike Affirmative Defenses Nos. 1, 3, and 11 of Defendants Medical College of Wisconsin, Inc., Alfred C. Nicolosi, M.D., David C. Warltier, M.D. ("Dr. Warltier"), and Larry Lindenbaum, M.D. (collectively, the "MCW Defendants"), Affirmative Defenses Nos. 1 and 6 of Defendant Paul S. Pagel, M.D. ("Dr. Pagel"), and Affirmative Defenses Nos. 1, 2, 4, and 5 of Defendant Froedtert Memorial Lutheran Hospital, Inc. ("FMLH").

Rule 12(f) permits a court to "strike from a pleading an insufficient defense." A defense is insufficient if it is barred by the law of the case doctrine. *Voelks v. Wal-Mart Stores, Inc.*, No. 07-C-0030, 2008 U.S. Dist. LEXIS 846, at *9-10 (E.D. Wis. Jan. 7, 2008). The law of the case doctrine dictates that "a court ordinarily will not reconsider its own decision made at an earlier stage of the trial or on a prior appeal, absent clear and convincing reasons to reexamine the prior

ruling." *Id.* (quoting *Gertz v. Robert Welch, Inc.*, 680 F. 2d 527, 532 (7th Cir. 1982)). In *Voelks*, this Court held that the law of the case doctrine barred the defendant's affirmative defense of failure to state a claim because the Court had already decided that the plaintiff had stated a claim on which relief could be granted in denying the defendant's Rule 12(b)(6) motion to dismiss. *Id.* at *12-13. Accordingly, the Court struck that affirmative defense with prejudice. *Id.* at *13.

The law of the case doctrine bars the MCW Defendants' Affirmative Defenses Nos. 1, 3, and 11, Dr. Pagel's Affirmative Defenses Nos. 1 and 6, and FMLH's Affirmative Defenses Nos. 1, 2, 4, and 5.

The MCW Defendants' Affirmative Defense No. 1, Dr. Pagel's Affirmative Defense No. 1, and FMLH's Affirmative Defense No. 1 are all premised on the allegation that Dr. Love has failed to state a claim "upon which relief can be granted." (Dkt. 122 at 26; Dkt. 123 at 65; Dkt. 124 at 43) But this Court has already ruled that Dr. Love stated a claim on which relief can be granted in denying, in part, the MCW Defendants' Motion for Judgment on the Pleadings and FMLH's Motion to Dismiss. (Dkt. 51) Although the Court made this ruling based on the allegations in Dr. Love's original Complaint, the allegations in his Second Amended Complaint are largely identical.[1] (Dkt. 76; Dkt. 120) Moreover, the Court has already ruled that Dr. Love's additional allegations in his Second Amended Complaint pertaining to fraudulent inducement are sufficient to state a claim on which relief can be granted. (Dkt. 119) Accordingly, the law of the case doctrine bars MCW Defendants' Affirmative Defense No. 1, Dr. Pagel's Affirmative Defense No. 1, and FMLH's Affirmative Defense No. 1.

The MCW Defendants' Affirmative Defense No. 3, Dr. Pagel's Affirmative Defense No. 6, and FMLH's Affirmative Defense No. 5 are all premised on the allegation that Dr. Love's claims

---

[1] The allegations against Dr. Pagel in Counts II, IV, and VII of the Second Amended Complaint are substantially similar to those against Dr. Warltier in Counts III, V and VIII of the original Complaint.

for defamation and intentional infliction of emotional distress "are barred by the exclusive remedy provision of the Wisconsin Workers' Compensation Act."  (Dkt. 122 at 26; Dkt. 123 at 66; Dkt. 124 at 43)  Yet he Court has already ruled that the exclusive remedy provision of the Wisconsin Workers' Compensation Act does not bar Dr. Love's claims for defamation and intentional infliction of emotional distress based on events occurring after his termination on May 8, 2014.  (Dkt. 51 at 8-9)  All of Dr. Love's claims for defamation and intentional infliction of emotional distress in the Second Amended Complaint are based on events occurring after his termination on May 8, 2014.  (Dkt. 120)  Thus, the law of the case doctrine bars MCW Defendants' Affirmative Defense No. 3, Dr. Pagel's Affirmative Defense No. 6, and FMLH's Affirmative Defense No. 5.

The MCW Defendants' Affirmative Defense No. 11 is that "Dr. Love has waived or is estopped from claiming the Separation Agreement is invalid."  (Dkt. 122 at 27)  The Court has already ruled that Dr. Love may claim in his Second Amended Complaint that the Separation Agreement is invalid.  (Dkt. 119)  Therefore, the law of the case doctrine bars MCW Defendants' Affirmative Defense No. 11.

FMLH's Affirmative Defense No. 4 is that "FMLH is not vicariously liable for the acts of any Individual Defendant and therefore Plaintiff fails to state a claim upon which relief can be granted based on the alleged conduct of any Individual Defendant."  (Dkt. 124 at 43)  But this Court has already ruled that Dr. Love stated a claim against FMLH upon which relief can be granted based on the alleged conduct of individual Defendants in denying, in part, FMLH's Motion to Dismiss.  (Dkt. 51 at 9-11)  Although the Court made this ruling based on the allegations in Dr. Love's original Complaint, the allegations in his Second Amended Complaint are largely identical.  (Dkt. 76; Dkt. 120)  Accordingly, the law of the case doctrine bars FMLH's Affirmative Defense No. 4.

FMLH's Affirmative Defense No. 2 is that "[Dr. Love's] Count I claim for False Claims Act retaliation against FMLH has been dismissed in its entirety by the Court's April 22, 2016 Order. Plaintiff fails to state a False Claims Act retaliation claim against FMLH as a matter of law." (Dkt. 124 at 43) Although the Court dismissed Count I against FMLH in Dr. Love's original Complaint, the Court granted Dr. Love leave to revive Count I against FMLH in his Second Amended Complaint. (Dkt. 51; Dkt. 119)

In the Second Amended Complaint, Dr. Love alleges that "MCW and FMLH discriminated against [him] in the terms and conditions of his employment" through eight separate actions between May 8, 2014 and September 6, 2014. (Dkt. 120 at ¶ 224) In the Motion for Leave to File Second Amended Complaint, Dr. Love informed the Court that the "most significant other differences between Dr. Love's First Amended Complaint and his proposed Second Amended Complaint are as follows: ... (2) [FMLH] is now a Defendant to Count I because Dr. Love alleges it is vicariously liable for retaliatory acts that predated August 26, 2014...." (Dkt. 95 at ¶ 11) In its Brief in Opposition to the Motion, FMLH argued that Dr. Love could not plausibly allege Count I against FMLH even if the release in the Separation Agreement were void. (Dkt. 97 at 2-3) In his Consolidated Reply Brief, Dr. Love rebutted FMLH's argument on the basis that if the Court were to grant the Motion for Leave, then Count I would be revived as it relates to the actions of MCW's *and FMLH's* agents before August 26, 2014. (Dkt. 121 at ¶ 7) Although the Court did not specifically address FMLH's argument in the Order, it is inconceivable that the Court did not consider FMLH's argument or did not appreciate that Dr. Love now alleges Count I against FMLH. Accordingly, the law of the case doctrine bars FMLH's Affirmative Defense No. 2.

WHEREFORE, for the reasons stated herein, Dr. Love respectfully requests this Court to strike, with prejudice, the MCW Defendants' Affirmative Defenses Nos. 1, 3, and 11, Dr. Pagel's Affirmative Defenses Nos. 1 and 6, and FMLH's Affirmative Defenses Nos. 1, 2, 4, and 5.

Dated: November 30, 2017

Respectfully submitted,

/s/ Alexander R. Hess
Edward F. Ruberry
Alexander R. Hess
RUBERRY, STALMACK & GARVEY, LLC
10 South LaSalle Street, Suite 1800
Chicago, Illinois 60603
Phone: (312) 466-8050
Fax: (312) 488-8055
ed.ruberry@rsg-law.com
alex.hess@rsg-law.com

*Counsel for Plaintiff, Robert B. Love, M.D.*

## **CERTIFICATION**

I hereby certify that on November 30, 2017, a copy of the foregoing document was filed electronically. Parties may access this filing through the Court's CM/ECF system.

/s/ Alexander R. Hess
Alexander R. Hess
RUBERRY, STALMACK & GARVEY, LLC
10 South LaSalle Street, Suite 1800
(312) 466-8050 (telephone)
(312) 466-8055 (fax)
alex.hess@rsg-law.com

*Counsel for Plaintiff, Robert B. Love, M.D.*
