UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

Robert B. Love

    Plaintiff,

    v.        Case No. 15 CV 00650-LA

Medical College of WI et. al.,

    Defendants.

## NOTICE OF MOTION AND MOTION TO QUASH
## AND FOR A PROTECTIVE ORDER

PLEASE TAKE NOTICE that movant Dixon R. Gahnz, by his attorneys, Lawton & Cates, S.C., by Daniel S. Lenz, hereby moves this Honorable Court for a protective order quashing the Subpoena Duces Tecum issued on December 12, 2017. The grounds for this motion are stated herein and in the declaration of Dixon R. Gahnz, filed herewith.

### BACKGROUND

The subpoena at issue is a Subpoena Duces Tecum ("Subpoena"), issued by Attorney Jill Munson as attorney for the defendant on December 12, 2017 and directed to Attorney Dixon R. Gahnz, commanding Attorney Gahnz to appear on January 3, 2018 at 1:30 a.m. in the above captioned case to produce documents. (Gahnz Aff., ¶ 4, Exh. A). The documents requested include, "All material in your possession, custody or control related to your firm's representation of Robert Love, M.D., including, but not limited to, all materials related to his disputes with the Medical College of Wisconsin, Froedtert Memorial Lutheran Hospital and Zablocki VA." (Gahnz Aff., ¶ 4, Exh. A). Lawton & Cates, S.C., previously represented Dr. Love. (Gahnz Aff., ¶ 3).

**ARGUMENT**

I. **The Subpoena Should be Quashed as it Seeks Information Covered by the Attorney-Client Privilege, the Attorney's Duty of Confidentiality, and Wisconsin Supreme Court Rule.**

This is, in part, a diversity case brought pursuant to 28 U.S.C. § 1332(a)(1). [Dkt. No. 120, ¶ 8]. The plaintiff's second amended complaint alleges violations of the False Claims Act, 31 U.S.C. § 3729 *et seq.*, Wisconsin statute and Wisconsin common law. [Dkt. No. 120]. As a result, Federal Rule of Evidence 501 requires the application of Wisconsin privilege law. F.R.E. 501; *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941). Under either Wisconsin statute or Federal common law, a blanket request for an attorney's entire file[1], absent a waiver of privilege, is inappropriate. F.R.E. 502; Wis. Stat. 905.03.

The information sought in the Subpoena cannot be disclosed without violating the Attorney-Client Privilege, Lawton & Cates' duty of confidentiality toward a former client, and Wisconsin Supreme Court Rule governing attorney conduct. Wisconsin Statute provides:

> "Except as provided by or inherent or implicit in statute or in rules adopted by the supreme court or required by the constitution of the United States or Wisconsin, no person has a privilege to:
>
> 1. Refuse to be a witness; or
> 2. Refuse to disclose any matter; or
> 3. Refuse to produce any object or writing; …'

Wis. Stat. § 905.01 (2011). Specifically, "A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client…" Wis. Stat. §905.03 (2) (2011). This privilege may be raised by the person who was the attorney at the time of the communication. Wis. Stat. §905.03 (3).

---

[1] The movants are mindful that

Furthermore, Wisconsin Supreme Court Rule, incorporated into section 905.01, provides, in relevant part, that "(a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent…" SCR 20:1.6 (a) (2012). The duty of confidentiality extends beyond the end of the services provided. *Thiery v. Bye*, 228 Wis. 2d 231, 597 N.W.2d 449 (Ct. App. 1999).

In addition, FRCP 45(d)(3)(A)(iii) requires the court to quash a subpoena that requests information protected by the attorney-client privilege. Dr. Love has not waived his privilege and through successor counsel, has expressly asserted that the materials requested are subject to the attorney-client privilege. (Gahnz Aff., ¶ 5).

Despite this clear, long-standing and fundamental duty and privilege, the defendant seeks to discover information relating to the representation of Dr. Love. The request is a violation of FRCP 45 on its face and the subpoena for deposition should be quashed as violating §§ 905.01 and 905.03, stats. and a protective order issued, protecting Lawton & Cates from further attempts to discover information covered by the Attorney-Client privilege and its duty of confidentiality toward Dr. Love.

**II.     The Subpoena Should be Quashed as Unduly Burdensome.**

The Subpoena must also be quashed as unduly burdensome. It requires the production of documents in the middle of the night. The subpoena requires the production of documents at 1:30 in the morning and requires attorney Gahnz to travel to Milwaukee from Madison to comply. This is an unreasonable burden. There is no reason that the subpoena could not be returnable during regular business hours and the requirement to show up in the middle of the night is clearly designed to harass the deponent.

3

## CONCLUSION

As the Subpoena Duces Tecum is a clear attempt to violate the attorney-client privilege and Attorney Gahnz's duty of confidentiality, the movant respectfully requests that this Court quash the subpoena and enter a protective order prohibiting further attempts to elicit information from Attorney Gahnz relating to his representation of Dr. Love. Should this Court require that the movant identify every document to which privilege attaches, the movants respectfully request a protective order permitting sufficient time to do so.

Dated this 2nd day of January 2018.

LAWTON & CATES, S.C.
Attorneys for Movant Dixon R. Gahnz

*/s/Electronically filed by Daniel S. Lenz*
Daniel S. Lenz, SBN 1082058
345 W. Washington, Suite 201
P.O. Box 2965
Madison, WI 53701-2965
PH: (608) 282.6200
FAX: (608) 282.6252

4