UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROBERT B. LOVE, M.D., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| MEDICAL COLLEGE OF WISCONSIN, INC., FROEDTERT MEMORIAL LUTHERAN HOSPITAL, INC., ALFRED C. NICOLOSI, M.D., PAUL S. PAGEL, M.D., DAVID C. WARLTIER, M.D., and LARRY LINDENBAUM, M.D., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 2:15-cv-00650-LA

## PLAINTIFF'S CIVIL L. R. 7(H) EXPEDITED NON-DISPOSITIVE MOTION TO QUASH

Plaintiff, Robert B. Love, M.D. ("Dr. Love"), by and through his undersigned counsel, respectfully moves this Court, under Local Rule 7(h) and Federal Rule of Civil Procedure 45(d)(3)(A)(iii), to quash the subpoena duces tecum (the "Subpoena") that Jill Munson, counsel for Defendants Medical College of Wisconsin, Inc. ("MCW"), Alfred C. Nicolosi, M.D., David C. Warltier, M.D., and Larry Lindenbaum, M.D. (collectively, the "MCW Defendants"), issued to Dixon Gahnz, President of Lawton & Cates, S.C. ("L&C"), on December 12, 2017.

### FACTUAL BACKGROUND

1. In the Subpoena, attached hereto as Exhibit A, Ms. Munson commanded Mr. Gahnz to produce, on January 3, 2018 at 1:30 a.m., "[a]ll materials in your possession, custody or control related to your firm's representation of [Dr. Love], including, but not limited to, all materials related to his disputes with [MCW], Froedtert Memorial Lutheran Hospital ['FMLH'] and Zablocki VA." (Ex. A at 1)

2. L&C attorneys represented Dr. Love, between May 2014 and April 2015, in negotiating his separation from and investigating his potential claims against MCW and FMLH.

3. On December 12, 2017 at 3:59 p.m., before Ms. Munson issued the subpoena, Ms. Malone's assistant provided notice by email to all counsel of record. (Ex. B at 5)

4. On December 12, 2017 at 4:43 p.m., Dr. Love's counsel, Alexander Hess, informed Ms. Munson that Dr. Love objected to the subpoena "because it requires the disclosure of documents protected under the attorney-client privilege." (Ex. B at 4-5)

5. On December 13, 2017 at 10:22 a.m., Mr. Hess expanded on Dr. Love's position:

> We have produced all non-privileged documents from [L&C's] file, and we have listed all of the privileged documents from the file on our privilege log.
>
> We request that you either withdraw the subpoena or serve a revised subpoena that specifies that the documents you request exclude any documents protected by the attorney-client privilege or the work product doctrine.

(Ex. B at 2)

6. In his December 13, 2017 email, Mr. Hess referred to Dr. Love's detailed, 49-page privilege log (the "Privilege Log"), attached hereto as Exhibit C, which Mr. Hess served on July 22, 2017. The vast majority of the documents listed on the Privilege Log are attorney-client communications between Dr. Love and L&C attorneys. (Ex. C)

7. The MCW Defendants have raised no objection to the Privilege Log.

8. On December 14, 2017 at 12:15 p.m., Michael Malone, counsel for the MCW Defendants, requested that Mr. Hess identify by Bates number the non-privileged documents Dr. Love had produced from L&C's file. (Ex. B at 2)

9. On December 14, 2017 at 3:42 p.m., Mr. Hess offered, for ease of identification, to reproduce the next day all of the non-privileged documents from L&C's file. (Ex. B at 1)

2

10. Mr. Malone did not accept Mr. Hess's offer. Instead, Mr. Malone informed Mr. Hess, on December 15, 2017 at 9:51 a.m., that the MCW Defendants would serve the Subpoena. (Ex. B at 1) Mr. Malone explained that "[the MCW Defendants'] position is that Dr. Love has put the negotiations and terms of the Settlement Agreement 'at issue' in the second amended Complaint such that the privilege attaching to his representation by [L&C] as to that issue is waived." (*Id.*) Presumably, Mr. Malone was referring to Dr. Love's allegations that when he "signed the Separation Agreement on August 26, 2014, he had not received, seen, or been aware of the August 20, 2014 Letter [stating that the Zablocki VA was revoking his privileges]" and that had he "received, seen, or been aware of the August 20, 2014 Letter, ... he would not have signed the Separation Agreement." (Dkt. 120 at ¶¶ 139-40)

11. Mr. Gahnz received service of the Subpoena on December 21, 2017. (Ex. A at 1)

**ARGUMENT**

12. Federal Rule of Civil Procedure 45(d)(3)(A)(iii) provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that ... requires disclosure of privileged or other protected matter, if no exception or waiver applies...."

13. A party claiming attorney-client privilege over materials sought through a third-party subpoena has standing to move to quash it. *DeMarco v. Chomas*, No. 08-CV-143, 2008 U.S. Dist. LEXIS 90031, at *7 (E.D. Wis. Oct. 23, 2008). Because Dr. Love claims attorney-client privilege over documents in L&C's file, he has standing to move to quash the Subpoena.

14. "The attorney-client privilege protects communications made in confidence by a client ... to an attorney, acting as an attorney, for the purpose of obtaining legal advice." *Design Basics LLC v. Campbellsport Bldg. Supply Inc.,* 99 F. Supp. 3d 899, 915 (E.D. Wis. 2015). "The

3

attorney-client privilege is 'generally waived when the client asserts claims or defenses that put his attorney's advice at issue in the litigation.'" *Id.* at 915-16.

15. The attorney-client privilege applies to Dr. Love's communications with L&C attorneys because he communicated with them in confidence for the purpose of obtaining legal advice concerning his separation from and his potential claims against MCW and FMLH. Dr. Love has not asserted any claims or defenses that put this advice at issue.

16. Dr. Love's did not put the L&C attorneys' advice at issue through his allegations that when he signed the Separation Agreement, he had not been aware of the August 20, 2014 Letter and that had he been aware of the August 20, 2014 Letter, he would not have signed the Separation Agreement. Dr. Love has attested to the facts underlying these allegations in his March 14, 2017 Affidavit. (Dkt. 95-2 at 2-3) And the MCW Defendants will have an opportunity to cross-examine Dr. Love on deposition regarding these facts, which are solely within his knowledge. The L&C attorneys' advice has no bearing on these facts.

WHEREFORE, for the reasons stated herein, Dr. Love respectfully requests this Court to quash the Subpoena.

Dated: January 2, 2018

Respectfully submitted,

/s/ Alexander R. Hess
Edward F. Ruberry
Alexander R. Hess
RUBERRY, STALMACK & GARVEY, LLC
10 South LaSalle Street, Suite 1800
Chicago, Illinois 60603
Phone: (312) 466-8050
Fax: (312) 488-8055
ed.ruberry@rsg-law.com
alex.hess@rsg-law.com

*Counsel for Plaintiff, Robert B. Love, M.D.*

## **CERTIFICATION**

I hereby certify that on January 2, 2018, a copy of the foregoing document was filed electronically. Parties may access this filing through the Court's CM/ECF system.

/s/ Alexander R. Hess
Alexander R. Hess
RUBERRY, STALMACK & GARVEY, LLC
10 South LaSalle Street, Suite 1800
(312) 466-8050 (telephone)
(312) 466-8055 (fax)
alex.hess@rsg-law.com

*Counsel for Plaintiff, Robert B. Love, M.D.*