UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROBERT B. LOVE, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MEDICAL COLLEGE OF WISCONSIN, INC., | ) Case No. 2:15-cv-00650-LA |
| FROEDTERT MEMORIAL LUTHERAN | ) |
| HOSPITAL, INC., ALFRED C. NICOLOSI, M.D., | ) |
| PAUL S. PAGEL, M.D., | ) |
| DAVID C. WARLTIER, M.D., and | ) |
| LARRY LINDENBAUM, M.D., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S CIVIL L. R. 7(H) EXPEDITED NON-DISPOSITIVE MOTION FOR PROTECTIVE ORDER (TIME-SENSITIVE)**

Plaintiff, Robert B. Love, M.D., hereby moves, under Local Rule 7(h) and Rule 26(c)(1), for a protective order. Good cause exists for the entry of a protective order, as explained below.

1. On August 26, 2016, Dr. Love requested that Defendant Froedtert Memorial Lutheran Hospital, Inc. ("FMLH") produce the medical records of those FMLH patients about whose care Dr. Love complained between 2012 and 2014 and of those FMLH patients under his care who suffered perioperative deaths in 2014. On June 9, 2017, FMLH moved for a protective order that would allow FMLH to withhold the requested medical records. (Dkt. 114)

2. On October 18, 2017, counsel for Defendant Paul S. Pagel, M.D. informed Dr. Love's counsel, Alexander Hess, that he intended to depose two physicians at St. Mary's Hospital in Madison, Wisconsin on November 1 and 2, 2017. (Ex. A at 4) Mr. Hess responded that neither Dr. Love nor his counsel would be available on those dates, and Mr. Hess suggested that all counsel confer about mutually convenient dates in November 2017 through January 2018. (*Id.* at 3) By

that point, Dr. Love and his counsel had already reviewed the 25,000 pages Defendants had, collectively, produced, and Dr. Love did not know when the Court would decide FMLH's Motion.

3. On October 25, 2017, the Court denied in part FMLH's Motion and ordered FMLH to produce the medical records Dr. Love had requested. (Dkt. 119) On October 28, 2017, reacting to the suddenly changed litigation landscape, Mr. Hess informed all Defendants' counsel that Dr. Love would object to the commencement of any depositions fewer than 30 days after the production of all documents discoverable under the October 25, 2017 Order. (Ex. A at 2)

4. On December 29, 2017, the Parties jointly moved to extend Defendants' deadline for production of documents to January 12, 2018. (Dkt. 130 at 6) At the time, FMLH did not disclose to Dr. Love or to the Court that FMLH would be producing over 100,000 pages of medical records in late January and February. Unaware of the coming deluge, the Court granted the motion and set the new January 12, 2018 deadline. (Dkt. 134)

5. FMLH produced 4,395 pages of documents on January 11, 2018. In violation of the modified Scheduling Order, however, FMLH produced 2,242 pages of documents on January 19, 2018, and, much to Dr. Love's shock and consternation, **92,705** pages of documents between January 26 and January 31, 2018. As of the date of the instant filing, FMLH's document avalanche is still not complete; reportedly, FMLH will be producing an additional **20,000** pages over the coming days.

6. On January 16, 2018, before FMLH disclosed that it would be producing nearly 120,000 of pages, , Dr. Pagel's counsel proposed scheduling the depositions of 4 St. Mary's employees, for 4 hours each, between February 15 and 26, 2018. (Ex. B at 2) Had FMLH's production been timely, this schedule would have accommodated Dr. Love's request for at least 30 days to analyze the FMLH documents before the first deposition commenced. On January 17,

2018, Mr. Hess, only because FMLH did not disclose the mass of documents to come in late January and February, agreed that he and Dr. Love would be available for depositions on those dates, provided that all Defendants agreed that any party would have the right to subpoena each deponent for a second deposition of up to 3 hours, if necessary. (*Id.* at 1) Had Mr. Hess known that FMLH would belatedly produce nearly 120,000 pages of documents, he would have objected to the depositions. No Defendant responded to Mr. Hess's proposal. Yet on January 24, 2018, Dr. Pagel's counsel issued deposition subpoenas for the 4 St. Mary's employees.

7.  On January 30, 2018, Mr. Hess insisted, in light of FMLH's incomplete yet already vast production, that Dr. Pagel postpone the St. Mary's depositions and that the parties agree not to schedule those or any other depositions for any date before April 2, 2018. (Ex. C at 16-18) Mr. Hess noted that Andrew Schroeder, M.D., a St. Mary's deponent who practiced at FMLH from 2009 to 2014, treated 3 of the 7 patients whose medical records FMLH had just produced and likely treated several of the 12 patients whose records FMLH had not yet produced. (*Id.* at 17)

8.  Dr. Pagel's counsel rejected Mr. Hess's request, insisting that (a) Dr. Schroeder is the only St. Mary's deponent to whose testimony the late-produced documents will be relevant; (b) Dr. Schroeder will rely on his memory of the events memorialized in those documents, so Dr. Love's counsel should rely on Dr. Love's memory in deposing Dr. Schroeder; and (c) Dr. Pagel need not agree to schedule each of the St. Mary's depositions for 7 hours on 1 day. (Ex. C at 15)

9.  FMLH's late-produced documents are, however, crucial to all of the St. Mary's depositions. Dr. Schroder, an anesthesiologist, has attested that he had concerns about Dr. Love's surgical judgment and skills based on his own "personal observation" at FMLH and that he shared those opinions with the other St. Mary's deponents. (Dkt. 79-2 at ¶¶ 10, 20) Furthermore, in preparing for and taking any deposition, Dr. Love's counsel should not have to rely solely on Dr.

3

Love's memory.  Dr. Love just received from FMLH (on thumb drives) nearly 100,000 pages, many of which relate to patients Dr. Schroeder and Dr. Love both treated.  And Dr. Love is still awaiting receipt of 20,000 more pages.  Without first reviewing all of these pages, Dr. Love will be unable to determine what questions to ask and what issues to explore on deposition.  *See ACE Ltd. v. CIGNA Corp.*, No. 00 Civ. 9423, 2001 U.S. Dist. LEXIS 19090, at *4-5 (S.D.N.Y Nov. 20, 2001) (granting "good cause" extension of discovery schedule so that litigant would have time to analyze roughly 84,000 pages of documents before depositions commenced).  Absent a protective order, Dr. Love's counsel will—through no fault of Dr. Love's—be unable to conduct meaningful depositions.  Finally, Rule 30(d)(1) requires that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours."  Because there is no such stipulation or order here, the Parties must attempt to schedule each of the St. Mary's depositions for 7 hours on 1 day.

WHEREFORE, Dr. Love respectfully requests the Court to enter an Order (1) that no party may notice or subpoena any deposition in this action for any date fewer than 60 days after all Defendants' counsel have certified the completion of their clients' document productions that the Court ordered them to complete by January 12, 2018, and (2) that the parties must attempt in good faith to schedule each of the St. Mary's depositions for 7 hours on 1 day.

Dated: February 2, 2018

Respectfully submitted,

/s/ Edward F. Ruberry
Edward F. Ruberry
RUBERRY, STALMACK & GARVEY, LLC
10 South LaSalle Street, Suite 1800
Chicago, Illinois 60603
Phone: (312) 466-8050
Fax: (312) 488-8055
ed.ruberry@rsg-law.com

*Counsel for Plaintiff, Robert B. Love, M.D.*

# FED. R. CIV. P. 26(C)(1) CERTIFICATION

I hereby certify that Dr. Love's counsel has conferred with Defendants' counsel at great length by email and has attempted to meet-and-confer with Defendants' counsel by telephone, in an effort to resolve the Parties' dispute without court action. (Ex. C at 1-18)

On January 30, my partner, Alexander Hess, sent all Defendant's counsel an email in which he insisted, in light of FMLH's incomplete yet already vast production, that Dr. Pagel postpone the St. Mary's depositions and that the parties agree not to schedule those or any other depositions for any date before April 2, 2018. (Ex. C at 16-18) Mr. Hess proposed a telephonic meet and confer on January 31 or February 1. (*Id.* at 18) Later that day, Dr. Pagel's counsel, Amy Schmidt Jones, unequivocally rejected Mr. Hess's request and said she was not available for a meet-and-confer on January 31 or February 1. (*Id.* at 15)

On February 1, Mr. Hess informed Ms. Jones that "[i]n view of Dr. Love's and Dr. Pagel's firm positions, we do not believe it would be productive for the Parties to confer further regarding this dispute." (Ex. C at 13) Ms. Jones then requested a telephonic meet-and-confer, and Mr. Hess and I engaged in extensive correspondence with Ms. Jones to attempt to schedule one for the evening of February 1 or the morning of February 2. (*Id* at 3-11) After that attempt failed, I sent all counsel an email in which I offered to postpone filing this Motion until after a telephonic meet-and-confer on the morning of February 5, provided that, due to the time-sensitive nature of the dispute, Defendants would agree to file their response briefs by February 8. *Id.* at 2. At 1:33 p.m. on February 2, after counsel for Defendants other than Dr. Pagel had agreed to my proposal, I sent counsel for all Defendants a draft of this Motion to alert them to Dr. Love's specific position and to facilitate their drafting of response briefs. (*Id.*)

5

At 2:06 p.m. on February 2, Ms. Jones, after receiving a draft of this Motion, responded by restating Dr. Pagel's firm's position that "we want the depositions to proceed." (Ex. C at 1) In view of Dr. Pagel's consistent, unequivocal position with respect to the St. Mary's depositions, I have exhausted all good faith efforts to resolve this dispute without the Court's intervention. Any further attempts to meet-and-confer would be futile and would serve only to delay the resolution of this dispute over depositions that are scheduled to commence in only 13 days.

/s/ Edward F. Ruberry
Edward F. Ruberry
RUBERRY, STALMACK & GARVEY, LLC
10 South LaSalle Street, Suite 1800
Chicago, Illinois 60603
Phone: (312) 466-8050
Fax: (312) 488-8055
ed.ruberry@rsg-law.com

*Counsel for Plaintiff, Robert B. Love, M.D.*

## CERTIFICATION OF SERVICE

I hereby certify that on February 2, 2018, a copy of the foregoing document was filed electronically. Parties may access this filing through the Court's CM/ECF system.

/s/ Alexander R. Hess
Alexander R. Hess
RUBERRY, STALMACK & GARVEY, LLC
10 South LaSalle Street, Suite 1800
(312) 466-8050 (telephone)
(312) 466-8055 (fax)
alex.hess@rsg-law.com

*Counsel for Plaintiff, Robert B. Love, M.D.*