**From:** Alex Hess [mailto:alex.hess@ruberry-law.com]
**Sent:** Saturday, October 28, 2017 12:08 AM
**To:** Stelter, Judson D (66454); Ed Ruberry
**Cc:** Jones, Amy Schmidt (12771); stoeri.bill@dorsey.com; ruda.erik@dorsey.com; Schrimpf, Thomas (tschrimpf@hinshawlaw.com); mmalone@hinshawlaw.com; Munson, Jill M. (JMunson@hinshawlaw.com)
**Subject:** RE: Love v. MCW, et al.

Counsel:

Federal Rule of Civil Procedure 30(b)(1) requires that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." For attorneys with a busy practice and a client who is an active surgeon (albeit not in his desired specialization or state), two weeks is not reasonable written notice.

Moreover, the standards of conduct governing our profession dictate that we treat each other with courtesy. For example, the first sentence of Rule 14-301 the Rules Governing the Utah State Bar is as follows: "A lawyer's conduct should be characterized at all times by personal courtesy and professional integrity in the fullest sense of those terms." Scheduling depositions first with "[t]he deponents and all the other parties" and then informing opposing counsel only two weeks before those scheduled dates does not strike us as courteous.

We also note that Rule 14-301.3 the Rules Governing the Utah State Bar provides as follows: "Lawyers shall not, without an adequate factual basis, attribute to other counsel or the court improper motives, purpose, or conduct." This rule is not unique to Utah, of course.

Going forward, we ask that our opposing counsel cooperate with us in scheduling the depositions in this lawsuit, as we will with all of you, and we also ask, respectfully, that our opposing counsel refrain from attributing improper motives to us without a factual basis.

For the record, we have no obstructionist motives. Dr. Love has no interest in prolonging this litigation unnecessarily.

We hope that the Defendants likewise have no interest in prolonging this litigation unnecessarily and will promptly produce the discovery over which they cannot properly assert a privilege, as Judge Adelman ruled in his October 25, 2017 Order.

Accordingly, we request that MCW serve complete written answers to Dr. Love's Amended First Set of Interrogatories to MCW Nos. 6, 7, 8, 10, 11, 12, 13, 14, and 15 and serve complete written responses and produce any and all documents responsive to Dr. Love's Amended First Set of Requests for Production to MCW Nos. 4, 5, 7, 8, and 12, that Dr. Warltier serve a complete written answer to Dr. Love's Amended First Set of Interrogatories to Dr. Warltier No. 2, and that FMLH serve complete written answers to Dr. Love's Amended First Set of Interrogatories to FMLH Nos. 4, 5, 6, 7, 8, 9, 10, 11, 12, 15, and 16 and serve complete written responses and produce any and all documents responsive to Dr. Love's Amended First Set of Requests for Production to FMLH Nos. 1, 3, 4, 5, 6, 7, and 9. We also request that MCW produce all of the documents listed on its privilege log with Reason Code 3, 4, 5, or 6 but not Reason Code 1 or 2. We understand that the documents the Defendants produce will be appropriately redacted, consistent with the October 25, 2017 Order.

We propose that the Defendants serve and produce this discovery on or before December 1, 2017.

We note that MCW's counsel stated during a June 1, 2017 conference call that MCW will never produce documents that it claimed to be privileged under HIPAA and the peer review privilege. Although we recognize that this statement was likely just bluster, please be advised that should MCW refuse to produce those documents, in contravention of the October

25, 2017 Order, Dr. Love will move the Court to strike MCW's pleadings and grant default judgment against MCW with respect to Count I of the Second Amended Complaint (Retaliation in Violation of the False Claims Act).

In addition, because Judge Adelman granted Dr. Love leave to re-assert Count I based on all eight instances of alleged retaliation against Dr. Love, including those predating August 26, 2014, Dr. Love now serves on MCW his attached Second Set of Interrogatories to MCW and Second Set of Requests for Production to MCW, and Dr. Love now serves on FMLH his attached Second Set of Interrogatories to FMLH and Second Set of Requests for Production to FMLH.

Please be advised that Dr. Love will object to the commencement of any depositions until 30 days after Defendants have produced all of the above-listed discovery over which that they cannot properly assert a privilege and FMLH has answered and produced all documents responsive to Dr. Love's Second Set of Interrogatories to FMLH and Second Set of Requests for Production to FMLH. This is not an "obstructionist move"; our only interest is in ensuring that Dr. Love is not prejudiced by participating in any depositions without the benefit of receiving and analyzing complete written discovery and document production.

Once written discovery and document production have concluded, Dr. Love will honor Dr. Pagel's priority in taking Dr. Schroeder's and Dr. Schmidt's depositions before any others.

Please let us know your availability on Tuesday or Friday of next week so we can schedule a conference call to discuss these discovery issues as well as the dates for a modified scheduling order.

Thank you.

Alex

Alexander R. Hess
**RUBERRY**
RUBERRY STALMACK & GARVEY, LLC
10 South LaSalle Street, Suite 1800
Chicago, Illinois 60603
Main (312) 466-8050 | Fax (312) 466-8055
Direct (312) 466-7271
alex.hess@ruberry-law.com
www.ruberry-law.com

NOTICE: THIS EMAIL MESSAGE INCLUDING ANY ATTACHMENTS AND APPENDED MESSAGES ARE FOR THE SOLE USE OF THE INTENDED RECIPIENTS AND MAY CONTAIN CONFIDENTIAL AND PRIVILEGED INFORMATION. If you are not the intended recipient, any review, dissemination, distribution, copying, storage or other use of all or any portion of this message is strictly prohibited. If you received this message in error, please immediately notify the sender by reply email and then delete the message. Thank you.

---

**From:** Stelter, Judson D (66454) [mailto:jdstelter@michaelbest.com]
**Sent:** Wednesday, October 25, 2017 8:01 PM
**To:** Alex Hess <alex.hess@ruberry-law.com>; Ed Ruberry <ed.ruberry@ruberry-law.com>
**Cc:** Jones, Amy Schmidt (12771) <ASJones@michaelbest.com>; stoeri.bill@dorsey.com; ruda.erik@dorsey.com; Schrimpf, Thomas (tschrimpf@hinshawlaw.com) <tschrimpf@hinshawlaw.com>; mmalone@hinshawlaw.com; Munson, Jill M. (JMunson@hinshawlaw.com) <JMunson@hinshawlaw.com>
**Subject:** RE: Love v. MCW, et al.

Alex:

The deponents and all the other parties were scheduled for November 1 and 2. Respectfully, it smacks somewhat of an obstructionist move to simply say you will not be available without providing any legitimate basis for that assertion—especially when numerous individuals have arranged and coordinated their schedules to accommodate the depositions.

We will agree to reschedule the depositions, but January is out of the question. We'd like to get these depositions done by the end of November, early December at the latest. Please let us know your availability at your earliest convenience.

Thanks,

Jud

**Judson (Jud) D. Stelter**
**Senior Counsel**
T 385.695.6454 | michaelbest.com

**Michael Best**
Michael Best & Friedrich LLP

---

**From:** Alex Hess [mailto:alex.hess@ruberry-law.com]
**Sent:** Friday, October 20, 2017 11:47 AM
**To:** Stelter, Judson D (66454); Ed Ruberry; stoeri.bill@dorsey.com; ruda.erik@dorsey.com; Schrimpf, Thomas (tschrimpf@hinshawlaw.com); mmalone@hinshawlaw.com; Munson, Jill M. (JMunson@hinshawlaw.com)
**Cc:** Jones, Amy Schmidt (12771)
**Subject:** RE: Love v. MCW, et al.

Jud:

We will not be available for these depositions on November 1 and 2, although we agree that it makes to schedule the St. Mary's depositions now. I'll follow up next week regarding our availability in late November, December, and January (if necessary due to the doctors' busy schedules and the holidays).

Also, if any of the parties wishes to take the depositions of Dr. Itani and Dr. Kantamneni, we believe it would be in all of the parties' best interest to schedule those depositions for the same week.

In addition, please be aware that we intend to examine these witnesses at their depositions after the Defendants have completed their examinations, so we will need to discuss the allocation of time.

Best regards,

Alex

Alexander R. Hess
R U B E R R Y
RUBERRY STALMACK & GARVEY, LLC
10 South LaSalle Street, Suite 1800
Chicago, Illinois 60603
Main (312) 466-8050 | Fax (312) 466-8055
Direct (312) 466-7271
alex.hess@ruberry-law.com
www.ruberry-law.com

NOTICE: THIS EMAIL MESSAGE INCLUDING ANY ATTACHMENTS AND APPENDED MESSAGES ARE FOR THE SOLE USE OF THE INTENDED RECIPIENTS AND MAY CONTAIN CONFIDENTIAL AND PRIVILEGED INFORMATION. If you are not the intended recipient, any review, dissemination, distribution, copying, storage or other use of all or any portion of this message is strictly prohibited. If you received this message in error, please immediately notify the sender by reply email and then delete the message. Thank you.

From: Stelter, Judson D (66454) [mailto:jdstelter@michaelbest.com]
Sent: Wednesday, October 18, 2017 10:22 AM
To: Ed Ruberry <ed.ruberry@ruberry-law.com>; Alex Hess <alex.hess@ruberry-law.com>; stoeri.bill@dorsey.com; ruda.erik@dorsey.com; Schrimpf, Thomas (tschrimpf@hinshawlaw.com) <tschrimpf@hinshawlaw.com>; mmalone@hinshawlaw.com; Munson, Jill M. (JMunson@hinshawlaw.com) <JMunson@hinshawlaw.com>
Cc: Jones, Amy Schmidt (12771) <ASJones@michaelbest.com>
Subject: Love v. MCW, et al.

Counsel:

We are planning on taking the depositions of Dr. Bradley Schmidt on November 1, 2017 at 1:00 p.m. and Dr. Andrew R. Schroeder on November 2, 2017 at or near 1:00 p.m. As you are aware, both physicians are employed by St. Mary's Hospital. Please let me know if there is a scheduling conflict.

Regards,

Jud


**Judson (Jud) D. Stelter**
**Senior Counsel**
E  jdstelter@michaelbest.com
T  385.695.6454 | M  801.300.1054 | F  801.931.2500

**Michael Best** A LexMundi Member
Michael Best & Friedrich LLP

my bio | our firm | vCard


Email Disclaimer
*****************************************************************
The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately and delete the original message and any copy of it from your computer system. If you have any questions concerning this message, please contact the sender.