## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| ROBERT B. LOVE, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MEDICAL COLLEGE OF WISCONSIN, INC., | ) | Case No. 2:15-cv-00650-LA |
| FROEDTERT MEMORIAL LUTHERAN | ) | |
| HOSPITAL, INC., ALFRED C. NICOLOSI, M.D., | ) | |
| PAUL S. PAGEL, M.D., | ) | |
| DAVID C. WARLTIER, M.D., and | ) | |
| LARRY LINDENBAUM, M.D., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### PLAINTIFF'S FIRST EMERGENCY CIVIL L. R. 7(H) EXPEDITED NON-DISPOSITIVE MOTION TO AMEND PROTECTIVE ORDER

1.      On April 23, 2018, Dr. Love's undersigned counsel received a letter (Exhibit A) from a Michigan lawyer—a lawyer who has not appeared in this case and who is not subject to this Court's jurisdiction—whom MCW retained to address purported HIPAA concerns.  The letter threatens a collateral action against Dr. Love and his counsel should they not "**immediately**" return documents that are central to Dr. Love's False Claims Act ("FCA") retaliation claim.  That same day, Dr. Love's former counsel, Lawton & Cates, S.C. ("L&C"), received virtually the same letter. (Exhibit B)  Through these letters, MCW is attempting to use usurp—or vest another court with—control over documents produced in accordance with the Court's Protective Order (Dkt. 71).  As a whistleblower with every right to use the contested documents to prove his claims, Dr. Love now seeks an amendment to the Protective Order that would secure this Court's control over discovery.

2.      Notably, on April 19, 2018, the depositions of various physicians at St. Mary's Hospital were completed.  Some of the deponents answered questions concerning MCW-produced documents showing that, in late 2013, MCW discovered that certain of its physicians had violated HIPAA by accessing and disclosing MCW patients' protected health information ("PHI") for an improper purpose.  (Dkt. 147-17; Dkt. 147-18)  Yet, in his letters, MCW's Michigan lawyer threatens legal action against Dr. Love and his counsel should they not comply with demands relating to MCW's incipient "investigation" into purported HIPAA violations *by Dr. Love.*

3.      MCW's demand on L&C is troubling—and telling.  Months ago, MCW served L&C with a subpoena for its entire client file.  (Dkt. 132-1)  Invoking the attorney-client privilege, which Dr. Love has never waived, L&C moved to quash.  (Dkt. 131)  That motion remains pending.  By using the Michigan law firm to demand the immediate return of at least portions of L&C's file and to threaten legal action should L&C not comply, MCW is attempting to divest this Court of jurisdiction over an issue that MCW has placed squarely before it.

2

4. Through its Michigan lawyer, MCW is contending that Dr. Love misappropriated from MCW documents containing PHI, but Dr. Love received or drafted all such documents while still an MCW employee. The letters also label Dr. Love's disclosure of such documents to his counsel—which happened while MCW still employed Dr. Love—as a HIPAA "security incident" that MCW may have to report to regulators. MCW ignores HIPAA's whistleblower exception, 45 C.F.R. § 164.502(j)(1), which allows a whistleblower to disclose PHI to his attorneys.

5. The letters command Dr. Love's counsel, "**<u>no later than the close of business</u> <u>(5:00 p.m., CT) on Monday, April 30, 2018</u>**," to identify any and all uses or disclosures of PHI, including disclosures to Dr. Love's attorneys or any other third-party. The letters also command Dr. Love and his counsel to "**<u>immediately</u>**" return any and all documents containing PHI.

6. The letters' timing is obviously calculated to derail discovery. A separate lawsuit to compel Dr. Love to surrender key documents to MCW—as frivolous as such a lawsuit might be, given that HIPAA affords no private right of action—would imperil upcoming depositions. Indeed, MCW has just announced its intention to stop indefinitely all depositions of current or former MCW employees, including a May 10 deposition Dr. Love noticed nearly two months ago.

7. MCW's Michigan counsel refers in his letters to "severe time constraints," but he identifies no looming deadline. The urgency is obviously contrived, given that: (a) MCW has been aware since Dr. Love filed his original Complaint that he possessed, and was suing based on, MCW documents reflecting PHI; (b) Dr. Love produced such documents to MCW in July 2017; and (c) Dr. Love's counsel recently questioned St. Mary's witnesses about such documents in the presence of MCW's Associate General Counsel, Elizabeth Drew (a carbon copy recipient of the Michigan attorney's letter). Despite all that, MCW raised no HIPAA concerns until April 23, 2018, and it never requested that any of the documents Dr. Love produced last July be returned to

MCW or even marked "Confidential." If MCW had legitimate or sincere concerns about a privacy breach, it would have raised those concerns long before now.

8. MCW previously moved to limit discovery on Dr. Love's FCA claim because such discovery would reveal PHI. The Court denied that motion, reminding MCW that the FCA "protects whistleblowers from retaliation when they try to stop or reveal fraud against the government" and noting that privacy concerns could be accommodated through the Protective Order already in place. (Dkt. 119 at 5) Following that denial, MCW and FMLH produced to Dr. Love mountains of documents containing PHI. MCW's and FMLH's productions should have included the very documents MCW now demands that Dr. Love and his counsel return.

9. By its demands and threats, MCW is attempting, at once, to divert Dr. Love's attention and resources away from his case-in-chief and to block his use of documents supporting his claims produced in discovery. *This Court* has been overseeing discovery from the beginning, however, and only *this Court* has the authority to decide whether and the extent to which Dr. Love may utilize any document. MCW should, therefore, be barred from subverting the Court's authority by bringing any dispute over documents in any other venue or in any other action. A parallel action would, by design, bring the instant case to a screeching halt.

10. As discussed in Dr. Love's companion motion, the DOJ has alerted the undersigned that it will soon subpoena documents relating to this case, essentially placing a freeze on all such documents. This Court's intervention at this point is critical.

WHEREFORE, Dr. Love moves to amend the Protective Order to require all parties to bring any and all disputes over documents produced in this case before this Court and not in any collateral action. The proposed First Addendum to Protective Order is Exhibit C hereto.

4

Dated:          April 30, 2018                    Respectfully submitted,

/s/ Alexander R. Hess
Edward F. Ruberry
Alexander R. Hess
RUBERRY, STALMACK & GARVEY, LLC
10 South LaSalle Street, Suite 1800
Chicago, Illinois 60603
Phone: (312) 466-8050
Fax: (312) 488-8055
ed.ruberry@rsg-law.com
alex.hess@rsg-law.com

*Attorneys for Plaintiff, Robert B. Love, M.D.*

5

## FED. R. CIV. P. 26(C)(1) CERTIFICATION

I hereby certify that on the morning of April 30, 2018, Dr. Love's counsel met and conferred by telephone with all Defendants' counsel for the purpose of determining whether Defendants would oppose this Motion. Defendants' counsel, excluding Dr. Pagel's counsel, who did not take a position, represented that Defendants would oppose this Motion.

/s/ Alexander R. Hess
Alexander R. Hess
RUBERRY, STALMACK & GARVEY, LLC
10 South LaSalle Street, Suite 1800
Chicago, Illinois 60603
Phone: (312) 466-8050
Fax: (312) 488-8055
alex.hess@rsg-law.com

*Counsel for Plaintiff, Robert B. Love, M.D.*

## CERTIFICATION OF SERVICE

I hereby certify that on April 30, 2018, a copy of the foregoing document was filed electronically. Parties may access this filing through the Court's CM/ECF system.

/s/ Alexander R. Hess
Alexander R. Hess
RUBERRY, STALMACK & GARVEY, LLC
10 South LaSalle Street, Suite 1800
(312) 466-8050 (telephone)
(312) 466-8055 (fax)
alex.hess@rsg-law.com

*Counsel for Plaintiff, Robert B. Love, M.D.*