# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT LOVE,**
        **Plaintiff,**

    v.                                        Case No. 15-C-0650

**MEDICAL COLLEGE OF WISCONSIN et al.,**
        **Defendants.**

## ORDER

Robert Love brings this action against the Medical College of Wisconsin (MCW),[1] Froedtert Memorial Lutheran Hospital, and various physicians employed by MCW and Froedtert alleging retaliation in violation of the False Claims Act, defamation, tortious interference with prospective contractual relations, breach of contract, and intentional infliction of emotional distress. In June 2016, I entered a protective order in this case, jointly proposed by the parties, governing the "exchange of sensitive information between or among the parties and/or third parties," including in "documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony." *See* Protective Order, ECF No. 71, at 1. Love has filed two "emergency" motions to supplement the protective order.

### I. MCW'S THREATENED LEGAL ACTION

Love's first motion to supplement the protective order arises from letters that his current and former counsel received from an attorney purportedly retained by MCW to investigate a "security incident" involving Love's improper removal and unauthorized

---

[1] Throughout this order, I also use "MCW" to refer to the so-called MCW Defendants, which are MCW itself, Alfred Nicolosi, David Warltier, and Larry Lindenbaum.

use and disclosure of MCW's "protected health information" or "PHI." *See* Pl.'s Mot. Ex. A, ECF No. 163-1, at 1. Citing regulations promulgated by the U.S. Department of Health and Human Services (HHS) under authority conferred by Congress in the Health Insurance Portability and Accountability Act (HIPAA), these letters demand, under threat of legal action, (1) the prompt identification of "[a]ny uses or disclosures of MCW's PHI" by Love or his counsel and (2) the immediate return of "any and all MCW PHI and confidential information, including copies thereof." *See id.* at 1–2.

Love primarily objects to MCW's threat to bring a separate legal action against him and his attorneys should they fail to comply with its demands. He argues that "MCW is attempting . . . to divert [his] attention and resources away from his case-in-chief and to block his use of documents supporting his claims produced in discovery." Pl.'s Mot., ECF No. 163, ¶ 9. According to Love, "only *this Court* has the authority to decide whether and the extent to which [he] may utilize any [such] document[s]," and "MCW should, therefore, be barred from . . . bringing any dispute over documents in any other venue or in any other action." *Id.* Love proposes supplementing the terms of the protective order with the following language:

> The parties shall submit to the jurisdiction of this Court for the resolution of any dispute over any information, documents or other material produced or requested in this action. The parties shall not pursue any collateral action or submit to the jurisdiction of any other court or administrative agency for the resolution of any dispute over any information, documents or other material produced or requested in this action.

*See* Pl.'s Mot. Ex. C, ECF No. 163-3, at 2.

MCW argues, and I agree, that Love "is trying to use the protective order in this action to resolve a dispute that is not part of this action." Def.'s Opp'n, ECF No. 167, at 2. This case simply does not concern the applicability of or the parties' compliance with

HIPAA or regulations promulgated by HHS pursuant to HIPAA. I see no reason to draw disputes over such issues into this case. Moreover, Love's proposed addendum covers not only disputes about the unauthorized use and disclosure of PHI but *all* disputes concerning *any* information "produced or requested in this action." As I cannot discern whether I would even have jurisdiction to hear all disputes that fall within the expansive yet nebulous scope of this language, I will not adopt it. Thus, I will deny this motion.

## II. U.S. DEPARTMENT OF JUSTICE'S SUBPOENA

Love's second motion to supplement the protective order concerns a subpoena from the U.S. Department of Justice requiring his attorneys to turn over certain documents, presumably including confidential documents produced in discovery by MCW or Froedtert pursuant to the terms of the protective order. To allow his attorneys to respond to the subpoena without violating the protective order, Love proposes adding to it the following language:

> Any party or any party's counsel may disclose or permit the disclosure of any information, documents or other material designated as "CONFIDENTIAL" or as "ATTORNEYS' EYES ONLY" in response to any lawful subpoena, civil investigative demand or other demand, seeking such information, documents or other material, that any federal or state governmental agency serves on the disclosing party or its counsel. The disclosing party's counsel must provide notice of any such subpoena, civil investigative demand or other demand to all other parties' respective counsel within ten business days of receiving service of such demand and at least ten business days before producing any documents in response to such demand.

*See* Pl.'s Mot. Ex. C, ECF No. 164-3, at 2.

MCW and Froedtert do not, generally, oppose Love's motion, but they do request a few changes to his proposed addendum, requiring *written* notice of both (1) a

3

Case 2:15-cv-00650-LA   Filed 05/25/18   Page 3 of 5   Document 176

subpoena or other such demand within ten *days* of service of it and (2) the *specific documents* that will be produced in response to it at least *five* days before production.

Love moves for leave to file a reply brief in support of this motion. In his proposed reply brief, Love objects to MCW and Froedtert's proposed change requiring written notice of the specific documents to be produced in response to a subpoena. He argues that such notice would effectively require disclosure of a subpoena's terms, which may conflict with its terms or the demands of the federal or state agency that serves it.

I will grant Love's motion for leave to file a reply brief and grant in part his motion to supplement the protective order to expressly permit the parties to respond to lawful subpoenas and other civil investigative demands served on them or their attorneys by any federal or state agency. Specifically, as provided below, I will supplement the terms of the protective order with Love's proposed addendum as substantively modified by MCW and Froedtert except with respect to the provision to which Love objects.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that plaintiff's first motion to supplement the protective order (ECF No. 163) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file a reply brief in support of his second motion to supplement the protective order (ECF No. 174) is **GRANTED** and that plaintiff's second motion to supplement the protective order (ECF No. 164) is **GRANTED in part** (and otherwise **DENIED**) as follows: The parties shall comply with the terms of the protective order and the following addendum to it:

> Any party or any party's counsel may disclose or permit the disclosure of any information, documents, or other material designated as "CONFIDENTIAL" or as "ATTORNEYS' EYES ONLY" as required in response to any lawful subpoena, civil investigative demand, or other

demand seeking such information, documents, or other material that any federal or state governmental agency serves on the disclosing party or its counsel. The disclosing party's counsel must provide written notice of any such subpoena, civil investigative demand, or other demand to all other parties' respective counsel within ten days of receiving service of such a demand and at least five days before producing any documents in response to such a demand.

Dated at Milwaukee, Wisconsin, this 25th day of May, 2018.

                s/Lynn Adelman
                LYNN ADELMAN
                District Judge