# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT LOVE,**
   Plaintiff,

v.                Case No. 15-C-0650

**MEDICAL COLLEGE OF WISCONSIN et al.,**
   Defendants.

## ORDER

Robert Love brings this action against the Medical College of Wisconsin (MCW),[1] Froedtert Memorial Lutheran Hospital, and physicians employed by them alleging retaliation in violation of the False Claims Act, defamation, tortious interference with prospective contractual relations, breach of contract, and intentional infliction of emotional distress. The parties have filed numerous motions that I will now address.

### I. THIRD AMENDED COMPLAINT

Love moves for leave to file a third amended complaint. "[A] party may amend its pleading" with "the court's leave," which [t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 520 (7th Cir. 2015) ("[A]pplying the liberal standard for amending pleadings . . . is the best way to ensure that cases will be decided justly and on their merits."). Indeed, leave should be given except where there is good reason to deny it, "such as undue delay, bad faith . . . on the part of the movant, . . . futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

[1] Throughout this order, I also use "MCW" to refer to the so-called MCW Defendants, which are MCW itself, Alfred Nicolosi, David Warltier, and Larry Lindenbaum.

Defendants challenge Love's use, in seeking leave to amend, of this court's procedure for expedited non-dispositive motion practice. *See* Civil L. R. 7(h)(1) (E.D. Wis.). By local rule, if a party seeks non-dispositive relief by expedited motion, "[t]he motion must not exceed 3 pages"; "[t]he movant may not file a separate memorandum" but "may file . . . an affidavit or declaration" that does not "exceed 2 pages"; "[t]he respondent must file a memorandum in opposition to the motion," which "must not exceed 3 pages," no later than "7 days [after] service of the motion" and "may file with its memorandum an affidavit or declaration" that does not "exceed 2 pages"; and the movant may not file a reply brief "absent leave of Court." *See* Civil L. R. 7(h)(2).

Defendants move to convert Love's expedited motion into a "non-expedited standard motion." They first argue that Love's motion is not "non-dispositive" because properly resolving the motion may dispose of one or more of his claims, e.g., if I find that amendment would be futile and, thus, deny Love leave to amend. In general, though, a motion to amend is considered to be non-dispositive, even where denying the motion would effectively deny relief on claims asserted in the proposed amendment, at least where denying the motion would not "terminate [the] existing lawsuit." *See Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006). Denying Love's motion to amend would not terminate this lawsuit, so his motion is non-dispositive, and the relief he seeks falls within the scope of this court's procedures for expedited motion practice.

Defendants also argue that the issues raised by Love's motion to amend are too complex to be responsibly addressed under the page and time constraints that apply to expedited motions. Yet, for the most part, defendants do not oppose amendment, as

such. Rather, they primarily seek dismissal of claims asserted in Love's proposed amended pleading before that pleading becomes operative.

A defendant may object that amendment is futile because "the proposed amendment . . . could not survive a . . . motion to dismiss," *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991), but I will not allow defendants to co-opt Love's motion for leave to amend to seek dismissal of his claims on their preferred schedule and subject to their preferred constraints. If I permit amendment and defendants wish to seek dismissal of any claims asserted in Love's proposed amended pleading, they may do so free of the constraints of expedited motion practice by moving to dismiss after the proposed amendment becomes the operative complaint in this case. For now, they are subject to the procedures for expedited motion practice that Love properly invoked.

Love moves to strike defendants' briefs in opposition to his motion to amend arguing that they were filed in violation of local rules governing expedited motion practice. Defendants filed their opposition briefs 21 days after Love filed his expedited motion, far beyond the 7 days allowed by local rule. Civil L. R. 7(h)(2). Moreover, two of defendants' three opposition briefs substantially exceed the 3-page limit on briefs set by that rule. *id.* Finally, defendants filed their briefs, which were not authorized by rule or court order, without attaching them to a motion requesting leave to file them, as required by local rule. Civil L. R. 7(i). In light of these substantial procedural violations, I will grant Love's motion and direct the Clerk of Court to strike defendants' opposition briefs.

As defendants did not properly oppose Love's motion for leave to file a third amended complaint, I see no reason to deny him leave to do so. Thus, I will grant his motion. Love's third amended complaint supersedes his prior complaints, *Wellness*

3

*Community–National v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995), so I will deny as moot two pending motions that respectively concern (1) affirmative defenses pleaded in defendants' answers to Love's second amended complaint and (2) clarification of my prior order granting Love's motion for leave to file that complaint.

### II. MCW'S SUBPOENA

Love moves to quash a subpoena that MCW served on Lawton & Cates S.C., the law firm that represented him in negotiating his separation agreement with MCW. The separation agreement is at issue here because it contains a broad release that, if enforceable, bars Love from asserting many of his claims in this case. The subpoena directs the president of Lawton & Cates, Dixon Gahnz, to produce "all materials in [his] possession, custody or control related to [his] firm's representation of . . . Love," including "all materials related to his disputes with [MCW], Froedtert . . . and [the [Clement J. Zablocki Veterans' Affairs Medical Center]." *See* Subpoena, ECF No. 132-1, at 1. Gahnz separately moves to quash this subpoena.

Love and Gahnz argue that the subpoena requires disclosure of materials protected by the attorney-client privilege, *see* Fed. R. Civ. P. 45(d), while MCW argues that Love waived the attorney-client privilege by "put[ting] his attorney's advice at issue in the litigation," *see Garcia v. Zenith Elecs. Corp.*, 58 F.3d 1171, 1175 n.1 (7th Cir. 1995). According to MCW, Love put Lawton & Cates's advice at issue by alleging that

> he was not aware and had not been advised that the Zablocki VA had revoked his privileges, that he "would not have signed" the separation agreement if he had known that the Zablocki VA was revoking or had revoked his privileges, and that MCW induced him to sign the separation agreement by fraudulently concealing from him that the Zablocki VA revoked his privileges.

Defs.' Resp. Br., ECF No. 137, at 1 (citing 2d Am. Compl., ECF No. 120, ¶¶ 139–41).

4

Whether Love's allegations in his second amended complaint put Lawton & Cates's advice at issue, those allegations are no longer operative, and they differ markedly from the related allegations in Love's third amended complaint. *Compare* 2d Am. Compl., *supra*, ¶¶ 126–46, *with* 3d Am. Compl., ECF No. 147-2, ¶¶ 253–68. For instance, Love no longer alleges that MCW concealed from him that the Zablocki VA revoked his privileges—in fact, he now alleges that "the Zablocki VA [n]ever revoked [his] privileges," 3d Am. Compl., *supra*, ¶ 311. Instead, he now alleges that MCW induced him to sign the separation agreement by concealing from him that its general counsel, Froedtert's chief compliance officer, defendant Alfred Nicolosi, and others "perpetrated [a] covert, months-long conspiracy . . . to injure [him] in his reputation and profession" and that, "[h]ad [he] been aware of the conspiracy, he would not have signed the Separation Agreement." *Id.* ¶¶ 266–67.

Because MCW's defense of its subpoena rests on the purported relevance of the material sought to an issue raised by Love's second amended complaint but apparently abandoned by his third amended complaint—specifically, "whether the VA privileges were material to the separation agreement," Defs.' Resp. Br., *supra*, at 2—I will grant Love's and Gahnz's motions to quash the subpoena.

Gahnz also moves for a protective order "prohibiting further attempts to elicit information from [him] relating to his representation of . . . Love." Mot., ECF No. 131, at 4. At this time, I cannot say whether MCW will attempt to elicit such information again and, if it does, whether it can justify such an attempt in light of the allegations in Love's third amended complaint. Thus, I will deny Gahnz's motion for a protective order without prejudice. Gahnz may seek appropriate relief in the future, if necessary.

## III. DOCUMENTS FILED UNDER SEAL

The parties move for leave to file various documents under seal. In general, this court considers any document filed to be public unless it is accompanied by a separate motion requesting that the document be sealed. General L. R. 79(d)(1) (E.D. Wis.). The motion to seal must be publicly filed and must describe the general nature of the information withheld. General L. R. 79(d)(2). "To the extent possible, the movant should include with the public filing a version of the document or material that redacts only those portions of the document that are subject to the sealing request." *Id.*

"Any motion to seal must be supported by sufficient facts demonstrating good cause for withholding the document . . . from the public record." General L. R. 79(d)(3). "In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret . . . ." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002). Yet, "[t]he strong presumption of public disclosure" only applies to documents that "influence or underpin [a] judicial decision," which is to say, documents that "reached this court unnecessarily" need not be "open to public inspection." *See id.* at 545, 548.

### A. Exhibits Filed in Support of Love's Motion to Amend

Love moves to seal 30 of the 35 exhibits to his expedited motion for leave to file a third amended complaint, which nearly all consist of documents that MCW and Froedtert produced in discovery and designated confidential, pursuant to the terms of the protective order in this case. Love objects to continued sealing of these documents, but MCW and Froedtert move to continue sealing them. *See* General L. R. 79(d)(3).

I did not review or rely upon any of these documents in deciding Love's motion to amend—as discussed above, I granted that motion based on the liberal presumption in favor of amendment that applies in federal court and defendants' failure to adequately oppose amendment—so, for the most part, these documents need not be publicly disclosed. However, one of these documents is Love's third amended complaint, which is certainly subject to the presumption of public disclosure. Moreover, Love says that his third amended complaint reveals information contained in the other 29 documents subject to the parties' motions to seal. Accordingly, I must consider whether Love's third amended complaint reveals information that should be kept secret and, thus, whether that pleading, or any part of it, should remain under seal.

Before considering the parties' arguments on public disclosure of information contained in the documents at issue, I note that Froedtert has withdrawn its confidentiality designations from 7 of the documents that Love filed under seal as exhibits to his motion to amend. Love's third amended complaint need not remain under seal to the extent that it reveals information contained in those documents.

**1. Protected Health Information**

MCW and Froedtert assert that 12 documents that Love filed as exhibits to his motion to amend contain health information protected from disclosure under HIPAA. As relevant here, HIPAA protects from disclosure information "created or received by a health care provider" about "the provision of health care to an individual" that "identifies" or "can be used to identify" the individual. *See* 45 C.F.R. § 160.103. Typical individual "identifiers" include names, medical record numbers, and photographs. *See id.* § 164.514(b)(2). Love's third amended complaint does not contain any such identifiers.

7

Yet, health information often includes lesser-known individual identifiers, such as "elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, [and] date of death." § 164.514(b)(2)(i)(C). Love's third amended complaint contains such "elements of dates." *See, e.g.*, 3d Am. Compl., *supra*, ¶ 66 (alleging the month and date, in addition to the year, on which a patient died at Froedtert). As such, I will keep Love's third amended complaint sealed as filed and order him to publicly file an appropriately redacted version of that pleading.

**2. Sensitive Commercial or Business Information**

MCW and Froedtert also assert that 19 documents that Love filed as exhibits to his motion to amend contain sensitive, proprietary, or confidential commercial or business information that should not be publicly disclosed. Yet, their arguments in favor of keeping this information sealed are vague and conclusory. For example, Froedtert initially says little more than that "[t]he documents reflect . . . critical internal data and assessments regarding the core of its business." Froedtert's Mot., ECF No. 156, at 6. Such arguments are insufficient to justify withholding the information contained in these documents from the public record, *see Baxter*, 297 F.3d at 547, at least to the extent that Love's third amended complaint reveals such information.

**3. Attorney-Client Communications**

MCW moves to seal and "claw back" five documents that Love filed as exhibits to his motion to amend, asserting that they are covered by the attorney-client privilege, which protects "[c]onfidential communications between a client and [its] lawyer for the purpose of receiving legal advice," *United States v. Bey*, 772 F.3d 1099, 1101 (7th Cir.

2014). In general, "the burden is on the party seeking to invoke the privilege . . . to establish that it applies." *Shaffer v. Am. Med. Ass'n*, 662 F.3d 439, 446 (7th Cir. 2011).

Love does not dispute that these documents fall within the scope of the privilege. Still, one of them does not. Exhibit 14 to Love's motion contains emails dated September 25, 2013, in which MCW's dean generically asks its general counsel for advice "on the inflammatory nature" of a physician's resignation letter in anticipation of a meeting with the physician the following day and counsel suggests, among other things, that the dean "[e]xpress [his] regret that irreconcilable differences have occurred." *See* Pl.'s Mot. ex. 14, ECF No. 147-15. MCW argues that counsel provided "employment law advice," Defs.' Reply, ECF No. 178, at 10, but I cannot infer from these emails that the dean sought or that counsel provided *legal* advice, in particular, as opposed to personal or business advice. Thus, MCW hasn't shown that the privilege applies to these emails.[2]

With respect to the remaining documents, Love argues that MCW waived the privilege by intentionally producing them in discovery in this case, failing to timely assert the privilege, citing to the documents in supplemental responses to various discovery requests, and failing to object when some of the documents were used during depositions. MCW argues that its attorneys acted under the sincere (but mistaken) belief that it had waived the privilege as to these documents but that it neither waived the privilege nor consented to, authorized, or ratified waiver by its attorneys.

I agree with MCW that production of these documents in discovery did not waive the privilege. On June 14, 2016, I granted the parties' motion for an order, pursuant to Federal Rule of Evidence 502(d), that the "attorney-client privilege . . . applicable to any

---

[2] Because I considered Exhibit 14 in detail, it influenced or underpinned a judicial decision in this case, and its contents are not privileged, I will deny the parties' motions to seal it and direct the Clerk of Court to publicly file it.

9

written or electronic documents or communications produced in discovery in this matter is not waived by *any production* or disclosure that occurs in the context of the pending litigation." Stip. Mot., ECF No. 70-2, at 3 (emphasis added). Love argues that, when the parties moved for that order, they meant for it to apply only to *inadvertent* disclosures, but their motion does not mention inadvertence, and I will not limit its scope by reading into it language that it clearly does not contain. As such, the privilege is not waived by production in discovery in this case "irrespective of the care taken by the disclosing party." *See* Fed. R. Evid. 502 advisory committee explanatory note (rev. Nov. 28, 2007).

Yet, that MCW did not waive the privilege by producing these documents in discovery does not mean that it did not otherwise waive the privilege, say, by failing to assert it after production. For example, a client, whether "individually or through . . . counsel," ordinarily waives the privilege if it "fails to invoke the privilege in a situation where [it] could have" or "otherwise conducts [itself] in a manner inconsistent with an assertion of or reliance on the privilege." Paul F. Rothstein & Susan W. Crump, *Federal Testimonial Privileges* § 2:27 (2d ed.), Westlaw (updated Dec. 2017) (collecting cases).

Courts in this circuit consider various factors to determine whether a party has waived the privilege with respect to a given document or communication. As relevant here, those factors include "the time taken to rectify the error," "the scope of the discovery," "the extent of the disclosure," and "overriding issues of fairness." *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 388 (7th Cir. 2008) (quoting *Harmony Gold U.S.A., Inc. v. FASA Corp.*, 169 F.R.D. 113, 117 (N.D. Ill. 1996)). Normally, I would also consider "the reasonableness of the precautions taken to prevent disclosure," *id.* (quoting *Harmony Gold*, 169 F.R.D. at 117), but as discussed

above, my Rule 502(d) order broadly protects the parties from waiver by disclosure in discovery in this case, even where they fail to act reasonably to prevent it.

The first factor, the time taken to rectify the error, weighs in favor of waiver. MCW's attorneys produced the documents at issue on January 8, 2018, and cited them in supplemental responses to discovery requests nine days later. After Love's counsel used several of the documents at issue during a deposition on February 15, 2018, MCW first raised concerns with its attorneys about the production of potentially privileged documents. Nearly two months then passed before MCW's attorneys first objected on privilege grounds to the use, during a deposition, of one of these documents. Another two weeks then passed before MCW asserted the privilege before this court and moved to claw back these documents. By that time, Love had already filed the documents with the court, and his motion to amend had been pending for *three* weeks. In sum, MCW's "attempt to rectify the error was lax at best." *See Harmony Gold*, 169 F.R.D. at 117.

The second factor, the scope of the discovery, weighs against waiver. Overall discovery in this case has been extensive, and MCW seeks to claw back documents comprising a mere 11 pages of a "consecutively-paginated" document that it produced in discovery containing more than 500 pages of "what appear to be communications and notes of its former General Counsel." *See* Hess Decl., ECF No. 172, ¶ 9. And yet, this is hardly an extreme case. In *Judson Atkinson*, for example, the Seventh Circuit held that the district court did not err in finding that the scope of discovery weighed against waiver where "30–40 *boxes* of documents were produced on the date the memorandum [at issue] was produced." 529 F.3d at 389 (emphasis added). Thus, while the scope of discovery weighs against waiver here, it does not weigh heavily.

The third factor, the extent of the disclosure, weighs in favor of waiver. "A limited disclosure resulting from glancing at an open file drawer or designating documents for copying may not justify a finding of waiver when the party does not know the essence of the document's contents," but "when disclosure is complete, a court order cannot restore confidentiality and, at best, can only attempt to restrain further erosion." *Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Grp., Inc.*, 116 F.R.D. 46, 52 (M.D.N.C. 1987), *quoted in part in Harmony Gold*, 169 F.R.D. at 117, *and cited in Judson Atkinson*, 529 F.3d at 389. MCW disclosed the documents at issue here in full, and Love filed them with the court. Thus, this factor weighs heavily in favor of waiver.

The last factor, overriding issues of fairness, also weighs in favor of waiver. Love has already relied on the documents at issue during depositions and in support of his motion to amend his complaint. *See Harmony Gold*, 169 F.R.D. at 118. As such, "the bell has already been rung, and the court cannot now unring it by denying [Love] access to the [documents]." *Bud Antle, Inc. v. Grow-Tech Inc.*, 131 F.R.D. 179, 184 (N.D. Cal. 1990), *quoted with alterations in Harmony Gold*, 169 F.R.D. at 118. The documents also seem to contain evidence that directly supports Love's allegations of misconduct. *Cf. Judson Atkinson*, 529 F.3d at 389 (suggesting that fairness may weigh in favor of waiver where a document "appear[s] to contain . . . evidence of a crime or fraud"). Thus, fairness suggests that MCW should not be permitted to claw back these documents.

Based on the overall balance of these factors, MCW clearly waived the attorney-client privilege with respect to the documents at issue. Therefore, I will deny its motion to claw these documents back, and Love's third amended complaint need not remain under seal to the extent that it reveals information contained in them.

**B. Exhibits Filed in Opposition to MCW's Motion to Claw Back Documents**

Love moves to seal three exhibits that he filed in opposition to MCW's motion to claw back documents, containing excerpts from transcripts of depositions. During these depositions, Love's counsel questioned witnesses about documents that MCW later sought to claw back as privileged. These exhibits influenced my decision on MCW's motion, so they are subject to the presumption of public disclosure. Also, as discussed above, MCW waived the privilege as to the documents at issue, so I see no reason to keep transcripts of deposition testimony about those documents sealed. I will deny Love's motion to seal these exhibits and direct the Clerk of Court to publicly file them.

**C. Exhibits Filed in Response to Love's Motion to Amend**

Finally, MCW moves to seal two exhibits that it filed in response to Love's motion for leave to amend his complaint. Because I struck MCW's response to Love's motion to amend, I did not consider any of the materials that it filed in response to that motion. As those materials did not influence a judicial decision, I need not make them open to public inspection. I will, therefore, grant MCW's motion to seal its exhibits.

**IV. CONCLUSION**

For the reasons discussed above, **IT IS ORDERED** that:

● Defendants' motions to convert Love's expedited motion for leave to amend his complaint into a non-expedited motion (ECF Nos. 150–52) are **DENIED**;

● Love's motion to strike defendants' briefs in opposition to his expedited motion for leave to amend his complaint (ECF No. 165) is **GRANTED**, and the Clerk of Court shall **STRIKE** those briefs (ECF Nos. 157, 161, and 162) from the record;

- Love's expedited motion for leave to amend his complaint (ECF No. 147) is **GRANTED**, and the Clerk of Court shall file Love's third amended complaint (ECF No. 147-2) but shall do so **UNDER SEAL**;

- Love's motion to strike affirmative defenses pleaded in defendants' answers to his second amended complaint (ECF No. 125) and Froedtert's motion for clarification of my order granting Love's motion for leave to file his second amended complaint (ECF No. 127) are **DENIED as moot**;

- Love's and Gahnz's motions to quash MCW's subpoena commanding Lawton & Cates S.C. to produce materials related to its representation of Love (ECF Nos. 131 and 133) are **GRANTED**;

- Gahnz's motion for a protective order prohibiting further attempts by MCW to elicit information from Lawton & Cates about its representation of Love (ECF No. 131) is **DENIED without prejudice**;

- The parties' motions to seal documents filed as exhibits to Love's expedited motion for leave to amend his complaint (ECF Nos. 148, 154, and 156) are **GRANTED in part** and **DENIED in part**, as discussed above, and the Clerk of Court shall publicly file Exhibit 14 to Love's motion (ECF No. 147-15), but all other exhibits to that motion that were filed under seal shall remain sealed;

- Within **7 days** after the date of this order, Love shall publicly file a version of his third amended complaint in which all individual identifiers from personal health information are redacted, as discussed above;

- MCW's motion to claw back documents filed as exhibits to Love's expedited motion for leave to amend his complaint (ECF No. 154) is **DENIED**;

- Love's motion to seal three exhibits filed in opposition to MCW's motion to claw back documents (ECF No. 173) is **DENIED**, and the Clerk of Court shall publicly file Exhibits D–F to the Declaration of Alexander Hess (ECF Nos. 172-4 to -6);

- MCW's motion to seal two exhibits filed in response to Love's expedited motion for leave to amend his complaint (ECF No. 159) is **GRANTED**; and

- MCW's motion for a protective order prohibiting depositions of the parties and their employees until the court resolves Love's expedited motion for leave to amend his complaint (ECF No. 182) is **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 11th day of June, 2018.

        s/Lynn Adelman_____
        LYNN ADELMAN
        District Judge